Alice Mae WILLIAMS, Appellant,

v.

Lionel BABINEAUX et al., As Members
of the Board of Parole of the State
of Louisiana, Appellees.

No. 22279.

United States Court of Appeals
Fifth Circuit.

March 18, 1966.

Murphy W. Bell, Baton Rouge, La., Norman Amaker, New York City, for appellant.

Jodie W. Stout, Asst. Atty. Gen., Baton Rouge, La., for appellees.

Before RIVES and GEWIN, Circuit Judges, and ALLGOOD, District Judge.

ALLGOOD, District Judge:

This is an appeal from an order of the District Court for the Eastern District of Louisiana denying appellant's application for writ of habeas corpus.

The appellant, Alice Mae Williams, is an 18-year-old mother of three illegitimate children. She was arrested on July 16, 1964, and charged, in a Bill of Information, with a crime against nature in that she did have an unnatural carnal copulation with Mona Gayle Truax, a

person of the same sex in violation of Title 14, § 89, Revised Statutes of Louisiana.

On July 23, 1964, appellant was brought to court in East Baton Rouge, Louisiana, at which time she signed a statement which, after setting forth the name and age of the accused, was as follows:

3. You are charged with "Crime Against Nature." Under Louisiana Law this is a felony charge. If you plead guilty to this charge the Court is authorized to sentence you to serve at hard labor in the State Penitentiary for a term up to five years. Do you fully understand this? Answer: Yes.

4. Do you have an attorney to represent you at this time? Answer: No.

5. Do you wish the Court to appoint an attorney to represent and assist you at this time? Answer: No.

6. Do you fully understand the possible consequences if you plead "guilty" to the above mentioned charge? Answer: Yes.

7. Do you wish to plead to the above mentioned charge at this time? Answer: Yes.

8. Has anyone threatened you or mistreated you in any way so as to induce you to enter a plea to the above charge? Answer: No.

The appellant's signature is followed by a statement that this colloquy took place in open court on July 23. This statement is signed by the Judge, the Assistant District Attorney and the Deputy Clerk of Court, in whose presence the questions were asked of the appellant and in whose presence the above statement was signed by the appellant. On the following day, the court sentenced appellant to three years in the State Penitentiary.

■ On the above facts, the District Court, after a full hearing, found that appellant knowingly, intelligently and voluntarily waived her right to counsel, and that she was, prior to her waiver of the right to counsel, completely and adequately informed as to the nature of the offense with which she was charged. The burden of proof in this case rested upon the appellant to prove otherwise. Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Under Rule 52(a) of the Federal Rules of Civil Procedure, which is made applicable to appeals in habeas corpus proceedings by Rule 81(a) (2), the above findings of fact should not be set aside unless clearly erroneous.

In Johnson v. Zerbst, supra, it was held:

"The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused."

■ While the record is silent as to whether or not the Bill of Information was read to the appellant at her arraignment, as required by the provisions of Title 15, § 254, Revised Statutes of Louisiana, this court must give weight to the presumption that the proceedings were regular and conformed to the statutory requirements, especially in light of appellant's failure to offer any evidence to the contrary. Turberville v. United States, 112 U.S.App.D.C. 400, 303 F.2d 411 (1962), certiorari denied Williams v. United States, 370 U.S. 946, 82 S.Ct. 1596, 8 L.Ed.2d 813 (1962); United States v. Marcello, 328 F.2d 961 (5th Cir. 1964), certiorari denied 377 U.S. 992, 84 S.Ct. 1916, 12 L.Ed.2d 1045 (1964).

■ The record does show that appellant was informed of her right to counsel and that she declined the court's offer to appoint counsel to represent her. The record further shows that the appellant was informed of the nature of the offense with which she was charged and of the consequences of a guilty plea. Thus, the appellant had the burden of showing, by a preponderance of the evidence, that she did not intelligently and understandingly waive her right to coun-

sel. Moore v. State of Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957); Carnley v. Cochran, 369 U.S. 506, 82 S. Ct. 884, 8 L.Ed.2d 70 (1962).

We do not find that the opinion of the District Court was clearly erroneous. On the contrary, we feel that there is sufficient evidence in the record to support the District Court's finding of an intelligent waiver by appellant of her right to counsel and that she was adequately apprised of the offense charged, the nature thereof, and the consequences of a guilty plea.

Affirmed.