**Willie BATES, Petitioner-Appellant,**

**v.**

**James E. MEADOWS, Acting Warden, Tennessee State Penitentiary, Respondent-Appellee.**

**No. 16234.**

United States Court of Appeals Sixth Circuit.

March 28, 1966.

Robert H. Gorman, Cincinnati, Ohio, for appellant.

Ed R. Davies, Special Counsel State of Tennessee, Nashville, Tenn., Henry C. Foutch, Asst. Atty. Gen., State of Tennessee, Nashville Tenn., on brief; George F. McCanless, Atty. Gen., and Reporter, State of Tennessee, Nashville, Tenn., of counsel, for appellee.

Before EDWARDS, Circuit Judge, Mc-ALLISTER, Senior Circuit Judge, and BROOKS, District Judge.*

PER CURIAM.

Petitioner-appellant, Willie Bates, is a state prisoner serving a life sentence for rape. He has previously been convicted on a guilty plea and has served a sentence for a similar offense. This appeal is taken from an order of the United States District Court for the Middle District of Tennessee, Nashville Division, which denied, after a hearing, an application for a writ of habeas corpus. Petitioner complains that his guilty plea entered in the state court was not voluntarily and understandingly made and, in fact, claims that he never entered a guilty plea and that no one was authorized to enter such a plea in his behalf. On this issue the district court, after hearing the evidence, found that petitioner's "testimony showed clearly that he cannot be relied upon to tell the truth" and held that petitioner failed to sustain his burden of proof of establishing his contention by a preponderance of the evidence.

At the evidentiary hearing the petitioner was the only witness who claimed to remember any details of his state court proceedings that took place in 1960. His unsupported testimony accusing the court and his appointed counsel of flagrant irregularities fully justifies the finding of the district court that the petitioner's testimony was unworthy of belief. Among other uncorroborated accusations, he asserts that a judge was not present at the time of his arraignment on August 2, 1960, when he entered a not guilty plea, and also that he was not represented by his court appointed counsel at that time. Both of these charges are clearly contradicted by an order of the state court signed by the presiding judge. Petitioner further states that he did not change his plea to guilty on October 19, 1960, the day sentence was imposed, and claims that he was sentenced to life imprisonment after his attorney had left the courtroom, and in spite of his insistence to the court that he had not pled guilty and wanted to stand trial. These charges of judicial and professional misconduct are likewise contradicted with clarity and particularity by the journal of the state court signed by the presiding judge.

The judgments and records of proceedings of a state court cannot be lightly set aside on collateral attack and they carry with them a presumption of regularity Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398 (1945); Hanovich v. Sacks, 290 F.2d 798 (6th Cir. 1961), cert. denied 368 U.S. 863, 82 S.Ct. 109, 7 L.Ed. 2d 61; Tibbett v. Hand, 294 F.2d 68 (10th Cir. 1961), and the burden of proof rests upon a petitioner to establish the denial of constitutional rights by a preponderance of the evidence. Johnson v. Zerbst, supra; Moore v. State of Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d

---

* Honorable Henry L. Brooks, Chief Judge, United States District Court for the Western District of Kentucky, sitting by designation.

167 (1957); Hawk v. Olson, 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed. 61 (1945); Sandoval v. Tinsley, 338 F.2d 48 (10th Cir. 1964).

 The record in this case fully supports the finding of the district court that the petitioner failed to establish by a preponderance of the evidence that his plea of guilty was not voluntarily and understandingly made.

Affirmed.