**Faustino S. MORALES, Appellant,**

v.

**Felix RODRIGUEZ, Acting Warden, New Mexico State Penitentiary, Appellee.**

**No. 9075.**

United States Court of Appeals
Tenth Circuit.

Feb. 15, 1967.

John D. Donnell, Santa Fe, N. M., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen., Albuquerque, N. M. (Boston E. Witt, Atty. Gen., Sante Fe, N. M., on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and BROWN, District Judge.

PER CURIAM.

The appellant is an inmate of the New Mexico State Penitentiary, where he is confined on a sentence of three to ninety-nine years for second degree murder. He filed a petition with the United States District Court for a writ of habeas corpus. A hearing was held with the petitioner and his attorney present. The petition was dismissed and this appeal followed.

The sole issue on appeal is whether a confession, signed by appellant and admitted against him in the state trial court, was voluntary.

Appellant testified at the hearing before the United States District Court, and transcripts of various proceedings in the state courts were there admitted into evidence. The District Court concluded that the appellant had not been denied his constitutional right by the admission of the confession in the state trial court because the state trial judge and the jury had found the confession to have been made voluntarily.

The record shows that appellant was arrested, tried, and convicted in 1957. There is no transcript of the proceedings in the state trial court. The court re-

porter is living in another state, and her notes of appellant's trial in the state district court were never transcribed, presumably because no appeal was taken from the verdict and sentence. In addition to appellant's testimony, the facts surrounding the appellant's confession must be gathered from other records, primarily a transcript of the appellant's preliminary hearing before a justice of the peace, and a transcript of habeas corpus proceedings in the New Mexico Supreme Court. The primary issue before the state Supreme Court was the appellant's right to appeal, and not the nature of his confession. See Morales v. Cox, 75 N.M. 468, 406 P.2d 177 (1965). A copy of the signed confession is also part of the record on appeal.

■ Although much of the appellant's argument is directed to the procedural safeguards established for in-custody interrogation of criminal suspects by Miranda v. State of Arizona, 384 U.S. 436, 534, 86 S.Ct. 1602, 16 L.Ed. 2d 694 the holding of Miranda is not to be applied retroactively. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. However, in Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895, the Supreme Court reaffirmed that its decisions in Miranda v. State of Arizona, supra, and Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, did not displace the standards of voluntariness established by prior case law, and these must be applied.

The attorney who represented the appellant in the state trial court testified during proceedings on the appellant's previous habeas corpus petition in the New Mexico Supreme Court. The attorney testified that he objected to the introduction of the confession during the appellant's trial, and that the officers present when the confession was taken were examined on voir dire. It appears the jury was not excused during the proceedings relating to the admissibility of the confession. The memorandum opinion of the United States District Court, dismissing the appellant's petition, refers to this testimony and states:

"It further appears from Mr. Walker's testimony that the jury was properly instructed that they must find the confession voluntary before considering it in their deliberations. It thus appears that the confession was found to be voluntary both by the trial judge and the jury. While it is of course preferable that this matter first be passed on by the trial judge in the absence of the jury, no prejudice resulted because the judge found the confession to be voluntary."

The New Mexico cases appear to hold, at the time of the appellant's trial, that the trial judge is to make a preliminary determination of the nature of the confession, and if it is found voluntary, the jury could then consider it. See State v. Armijo, 64 N.M. 431, 329 P.2d 785 (1958), and cases cited.

■ Although we do not know the exact nature of the attorney's objections to introduction of the confession, we will not assume that counsel failed to attack the voluntary nature of the confession on every reasonable ground, including the ground that appellant was intoxicated when the confession was given, as he here urges. Cf. Sanchez v. Cox, 357 F.2d 260 (10th Cir.). This meets the requirements of Sims v. State of Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (U.S. January 23, 1967), although this is a pre-Jackson v. Denno case.

■ Congress has recently amended the statute pertaining to remedies in federal courts for persons in state custody. 28 U.S.C.A. § 2254, amended by Pub.L. 89–711, 80 Stat. 1104 (November 2, 1966). The amendment provides, in part, that findings of fact by a state court after hearing shall be presumed correct, and that the applicant for the writ has the burden to establish by "convincing evidence" that the factual determination by the state court was erroneous. The appellant here has not met this burden.

Affirmed.