**Smith Thomas WALKER, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 23804.**

United States Court of Appeals
Fifth Circuit.

Dec. 27, 1967.

Marian Rosen, Houston, Tex., for appellant.

Thomas H. Routt, Asst. Atty. Gen., Houston, Tex., Lonny F. Zwiener, Robert E. Owen, Asst. Attys. Gen., Crawford C. Martin, Atty. Gen. of Texas, George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. to Atty. Gen., R. L. Lattimore and Howard M. Fender, Asst. Attys. Gen., Austin, Tex., for appellee.

Before BELL, COLEMAN and GODBOLD, Circuit Judges.

PER CURIAM:

On April 12, 1946, on his plea of guilty in the state court, Smith Thomas Walker was sentenced to serve from five to fifty years for the offense of robbery by assault.[1] His application for habeas corpus in the United States District Court was not filed until August 31, 1965, nineteen years later. In the meantime, Walker had been out of prison on parole for eighteen months in 1962–1963. As might be expected after such a lengthy delay from 1946 to 1965, with no complaint raised, the judges, lawyers, and other officials concerned in the 1946 plea and sentence, with the possible exception of "Mr. Kirk", appointed defense counsel, are either dead or cannot now be located.

In this situation Walker relied solely on his own testimony at the evidentiary hearing granted by the District Judge. The burden was on him to show by a preponderance of the evidence that he was entitled to the writ, Williams v. Beto, 5 Cir., 1965, 354 F.2d 698, Welch v. Beto, 5 Cir., 1966, 355 F.2d 1016. The District Judge, as the fact finder, was not required to believe the uncorroborated testimony of the petitioner, even though no evidence to the contrary had been (or could have been) adduced, Hawk v. Olson, 326 U.S. 271, 279, 66 S.Ct. 116, 90 L.Ed. 61 (1945). This record reveals that in crucial instances Walker's testimony was vague, indefinite, self contradictory, and refuted by the official records.

---

1. The prison record of the appellant, Smith Thomas Walker appears from the record to be as follows:
   1922, burglary, two years.
   1924, Kansas, one to five years.
   1928, Oklahoma, forgery, two years.
   1930, felony, theft, two years and one day.
   1934, robbery and kidnapping, five years.
   1934, robbery, ten years.
   1934, robbery, twenty-five years.
   1934, robbery, ten years.
   1934, robbery and kidnapping, five years.
   1935, robbery, five years.
   1946, felony, theft, two years.
   1946, felony, theft, two years.
   1946, felony, theft, two years.
   1946, robbery, not less than five nor more than fifty years.
   This is the sentence appellant is now serving.

Appellant contends that his plea of guilty and the consequent sentence are invalid in that (1) he was denied adequate counsel, (2) he was denied counsel of his own choice, (3) the guilty plea was coerced by false promises of leniency emanating from the District Attorney, (4) although pleading guilty, he was entitled to be confronted by the witnesses and to see the evidence against him, and (5) petitioner did not waive a jury trial in the manner and form required by the Texas statutes.

Faced as he was with unbridgeable factual gaps, the record nevertheless reveals that the District Judge gave this petitioner a full evidentiary hearing. We are convinced that the record, including credibility choices and the legal questions involved, amply supports the denial of relief on Grounds 2, 3, 4 and 5, above enumerated.[2] In these respects the Judgment of the Court below will be affirmed.

We find it necessary, however, to vacate that part of the Judgment dealing with the charge that Petitioner was denied the effective assistance of counsel. This result is dictated by an odd circumstance, perhaps by an inadvertence in the drafting of the Court's findings of fact. The finding was that "Said counsel [Mr. Kirk] furnished effective counsel and representation to Petitioner". There is no testimony in the record to support this affirmative finding. We surmise that the Court intended to say that Petitioner had not carried the burden of proving his allegations on this point. Much confusion was caused by the fact that the state court notation identified appointed defense counsel by surname only, as "Mr. Kirk". A Mr. Kenneth Kirk was available but not called to testify by either side. He had been an associate of Attorney Nahas. Much of the record is consumed by testimony as to who Mr. Kirk might have been. Mr. Nahas recalled seeing or talking to the prisoner at one time but the Petitioner testified that he had never employed him. He thought someone else had done so. Mr. Nahas testified that he was never employed. His testimony, however, did lend some color to some of the claims of Petitioner as to how the Mr. Kirk, whoever he was, happened to be named to represent him.

 In this state of the record and out of an abundance of caution as to the preservation of Constitutional rights we are of the opinion that the only safe course to pursue, 28 U.S.C.A. § 2106, is to remand this feature of the case for further hearing and determination. Mr. Kenneth Kirk should be called and his testimony taken. If he is not the Kirk who represented this Petitioner back in 1946, a diligent effort should be made to locate the Kirk who was then practicing in Houston and who did appear for Walker in the state court. The District Judge will then be in position to hear the proof and make such findings as may be appropriate.

Affirmed in part and, in part, vacated for further proceedings consistent herewith.

---

2. This is without prejudice to what may be developed if Attorney Kirk should be located and his testimony obtained.