**Estill PRATER and Farrell Smith, Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 18, 1972.

Estill Prater, pro se.

Farrell Smith, pro se.

John B. Breckinridge, Atty. Gen., James B. Wooten, Jr., Asst. Atty. Gen., Frankfort, for appellee.

CATINNA, Commissioner.

Estill Prater and Farrell Smith were jointly indicted on counts of breaking and entering and grand larceny. Prater and Smith were found guilty on the count of grand larceny and each sentenced to three years. No appeal was prosecuted. Prater and Smith filed a motion to vacate the judgment pursuant to RCr 11.42; the motion was overruled without an evidentiary hearing. This appeal seeks a reversal of the order denying the motion to vacate. Numerous grounds for reversal are asserted, but there is no merit to any ground except that claiming denial of the right to a direct appeal.

The record on appeal is of very little assistance. A notation on the indictment states that James R. Allen represented Smith. The trial order states that defendants were represented by counsel, entered a plea of not guilty, and announced ready for trial. The verdict of the jury reads as follows:

"Give defendnits 3 years Estil Prater Furl Smith Earnest Hall, Formen Jury." (sic)

The order overruling the motion to vacate judgment reads as follows:

"The petitioners Estill Prater and Farrell Smith having filed a motion under

rule 11.42 to set aside the judgment heretofore entered against each of them and the court having furnished each of the petitioners with copies of the record and finding that Estill Prater was tried by a jury, having been represented by James Allen attorney at law and the jury found him guilty and fixed his punishment at 3 years and said judgment having been entered and no appeal taken and the record on its face shows that petitioner received every protection possible by the court, said motion is overruled. The petitioner Farrell Smith having entered a plea of guilty having had an attorney appointed to represent him and being advised of his rights and being advised that he would not be probated if he entered a plea of guilty and being advised his case would be continued if he wanted more time to prepare for trial and that he did not have to plead unless he so desired and the court was satisfied that he knew what he was doing; hereby overrules said motion."

The above discrepancies in the record make it impossible to determine which of appellants was tried and which pleaded guilty.

The record does not show that the trial judge, after imposing sentence on these appellants, made any effort to advise them of their right to appeal. Prater and Smith make the statement that they were not aware of this right, were not advised of it at the time the court passed sentence, and had only recently become aware of this right.

RCr 11.02(2) requires the trial judge to advise a defendant of his right to appeal, if he has been tried upon a plea of not guilty.

There is nothing in the record showing that Prater and Smith may have waived this right.

It is the opinion of this court that Prater and Smith were entitled to a hearing on the question of a denial of the right to a direct appeal. See Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L. Ed.2d 340; Stinnett v. Commonwealth, Ky., 446 S.W.2d 292 (1969).

It is further our opinion that the trial court's overruling of the remaining counts of appellants' RCr 11.42 motion was not prejudicial to the substantial rights of the appellants.

If, upon a hearing, the ground of denial of an appeal is established, the trial court shall follow the procedure indicated in Hammershoy v. Commonwealth, Ky., 398 S.W.2d 883 (1966), with respect to providing counsel for a belated appeal or vacating the judgments.

The judgment is reversed for further proceedings in conformity with this opinion.

All concur.