Charles **LOVELACE**, Petitioner-Appellee,

v.

E. B. **HASKINS**, Superintendent, Respondent-Appellant.

No. 72–1606.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 6, 1973.

Decided March 21, 1973.

Leo J. Conway, Columbus, Ohio, William J. Brown, Atty. Gen. of Ohio, Thurman E. Anderson, Asst. Atty. Gen., Columbus, Ohio, on brief, for respondent-appellant.

Hugh E. Kirkwood, Jr., Columbus, Ohio, for petitioner-appellee.

Before WEICK, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

The appellee was tried to a jury in Lorain County, Ohio, and was convicted of burglary and unlawful possession of burglary tools; he received a sentence of from 1 to 15 years. On September 17, 1968, the trial court overruled his motion for a new trial. The following day, his appointed counsel wrote a letter in which he informed the appellee that he had an absolute right to an appeal within 30 days, but that he would not be able to represent the appellee for any such appeal. The letter informed the appellee how to obtain appointed counsel for a direct appeal. Through no fault of his own, the appellee did not receive this letter until after the expiration of the 30 days, and his subsequent attempts to obtain judicial review of his case were fruitless; the appellant concedes that the appellee has exhausted his state remedies.

The appellee filed this petition for a writ of habeas corpus in which he alleged that he was denied his right to a direct appeal because he had not been informed by counsel or by the court of his right to an appeal and of his right to court appointed counsel on appeal. After an evidentiary hearing, the District Court found that the appellee was denied the equal protection of the laws when he was not timely advised of his rights. Accordingly, the Court ordered the writ to issue ninety days after the filing of the Order, and ordered that the appellee be released from custody unless the state initiate action for a new trial or permit a direct appeal from his conviction within that ninety days. The respondent has perfected this appeal from that judgment.

The appellant's single contention is that the District Court failed to inquire into whether the appellee could present any non-frivolous legal or factual contentions to the state appellate court should the writ be granted, as required by this Court's opinion in Henderson v. Cardwell, 426 F.2d 150 (6th Cir. 1970). It must be conceded that the recent cases from this Court are inconsistent on the issue of whether meritorious issues need be presented to the District Court in the circumstances of this case, but we agree with the District Court and what appears to be the better reasoned authority that an indigent, no more than an accused with retained counsel, should not be required to show that he has meritorious claims which he might present to the appellate court on a direct appeal.

In Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1962), the Supreme Court struck down a California Rule of Criminal Procedure that provided that state appellate courts make an independent investigation of the record of an indigent to determine whether it would be of advantage to the defendant or helpful to the appellate court to have counsel appointed. In holding that this rule denied the equal protection of the laws to indigents, the Court noted:

"At this stage in the proceedings only the barren record speaks for the indigent, and, unless the printed pages show that an injustice has been committed, he is forced to go without a champion on appeal. Any real chance he may have had of showing that his appeal has hidden merit is deprived him when the court decides on an *ex parte* examination of the record that the assistance of counsel is not required." 372 U.S. at 356, 83 S.Ct. at 816.

The same consideration is equally applicable were a District Court to require an indigent petitioner, often without the aid of counsel, to present issues which the District Court would deem meritorious. The petitioner with retained counsel is not required "to run this gantlet of a preliminary showing of merit" (372 U.S. at 357, 83 S.Ct. at 816) in order to justify the issuance of a writ which would entitle him to the direct appeal which it is conceded was unjustly denied. Similarly, the indigent need only

show that he was not informed of his right to a direct appeal or of his right to appointed counsel on such appeal.

This holding is in accordance with recent decisions of this court: Woodall v. Neil, 444 F.2d 92 (6th Cir. 1971); Goodwin v. Cardwell, 432 F.2d 521 (6th Cir. 1970); see also United States ex rel. Smith v. McMann, 417 F.2d 648 (2d Cir. 1969, en banc), cert. denied, 397 U.S. 925, 90 S.Ct. 929, 25 L.Ed.2d 105 (1970); United States ex rel. Singleton v. Woods, 440 F.2d 835 (7th Cir. 1971).

The judgment of the District Court is affirmed.