Gerald **FAUGHT**, Petitioner-Appellant,

v.

Henry E. **COWAN**, Warden, Kentucky State Penitentiary, Respondent-Appellee.

No. 74–1042.

United States Court of Appeals, Sixth Circuit.

Nov. 25, 1974.

Certiorari Denied April 14, 1975. See 95 S.Ct. 1583.

Gerald Faught, pro se.

Ed W. Hancock, Atty. Gen., of Kentucky, Frankfort, Ky., Douglas E. Johnson, Lexington, Ky., for respondent-appellee.

Before PHILLIPS, Chief Judge, EDWARDS, Circuit Judge, and McALLISTER, Senior Circuit Judge.

PHILLIPS, Chief Judge.

This is an appeal from a dismissal of a petition for a writ of habeas corpus. We affirm.

Petitioner-appellant, Gerald Faught, was tried in the Daviess Circuit Court at Owensboro, Kentucky, in 1968 for the offenses of malicious shooting and wounding with intent to kill (two counts) and malicious shooting without wounding with intent to kill (one count) and found guilty by a jury of aiding and abetting on each count. In view of his prior felony convictions, appellant was sentenced to life imprisonment as a habitual criminal on September 27, 1968. His motion for a new trial was denied. No appeal was taken from this conviction, although appellant had been represented by counsel at all stages of the proceeding.

Subsequently, appellant filed two Kentucky RCr 11.42[1] motions, both of which were denied and the denials were affirmed by the Court of Appeals of Kentucky. Appellant also filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Kentucky. That petition was dismissed, and application for a certificate of probable cause was denied by the District Court and by this court.

Thereafter, appellant filed the petition in the case at bar. The issue on appeal, as it was in the District Court, concerns appellant's allegations that he did not know and was not advised of his right to appeal in forma pauperis and to have assistance of counsel. Were such allegations to be true, appellant would be entitled to a new trial or a direct appeal

---

1. Rule 11.42 provides in part:
   "A prisoner in custody under sentence who claims a right to be released on the ground that the sentence is subject to collateral attack may at any time proceed directly by motion in the court which imposed the sentence to vacate, set aside or correct it."

from his conviction. Lovelace v. Haskins, 474 F.2d 1254 (6th Cir. 1973).

The District Court held an evidentiary hearing as required by numerous decisions of this court. *See* Woodall v. Neil, 444 F.2d 92 (6th Cir. 1971); Goodwin v. Cardwell, 432 F.2d 521 (6th Cir. 1970); Henderson v. Cardwell, 426 F.2d 150 (6th Cir. 1970). At the hearing, it was stipulated that neither the trial judge nor petitioner's attorney at the trial had any present recollection of the event in question. Petitioner was the only witness at the hearing. He testified that neither his attorney nor the trial judge had ever advised him, nor did he know, of his right to appeal in forma pauperis and to have assistance of counsel.

■ After reviewing petitioner's testimony, District Judge James F. Gordon stated: "We observed the petitioner while testifying, and simply stated, we do not believe him and give no credence to his testimony. His testimony was too inconsistent." Judge Gordon then examined the state court record at sentencing and made a specific finding that appellant had been advised of his right to appeal in forma pauperis and to have assistance of counsel. We are of the view that this finding was not clearly erroneous but, to the contrary, is supported by the record.

Although the state record in this case is not free from ambiguity, it does show that the trial judge specifically cited and referred to Kentucky RCr 11.02. The Rule provides as follows:

"11.02 Sentence.

"(1) Sentence shall be imposed without unreasonable delay. Pending sentence the court may commit the defendant or continue or alter the bail. Before imposing sentence the court shall afford the defendant and his counsel an opportunity to make a statement or statements in the defendant's behalf and, if the sentence is fixed by the court, to present any information in mitigation of punishment.

"(2) After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal, or unable to employ counsel, to apply for leave to appeal in forma pauperis and to have the continued assistance of counsel to perfect and prosecute the appeal. If the defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal in his behalf."

■ Petitioner and his attorney were present at the sentencing proceedings and were both given an opportunity to make statements. Such a proceeding carries with it a statutory presumption of correctness. 28 U.S.C. § 2254(d). It cannot be assumed that the trial judge, who specifically referred to Rule 11.02 at the sentencing, and petitioner's attorney, who was present at the sentencing, were not aware of its requirements and neglected to advise petitioner of his rights, especially in the absence of evidence to the contrary. Williams v. Babineaux, 357 F.2d 481, 482 (5th Cir. 1966). Neither can we assume that a state court proceeding was subject to flagrant irregularities or that petitioner's attorney failed to render effective assistance. Morales v. Rodriguez, 373 F.2d 15, 16 (10th Cir. 1967).

■■ Petitioner had the burden of establishing by a preponderance of the evidence that he had not been advised of his rights. Williams v. Smith, 434 F.2d 592, 595 (5th Cir. 1970); Waddy v. Heer, 383 F.2d 789, 793 (6th Cir. 1967); Bates v. Meadows, 358 F.2d 674, 675 (6th Cir.), cert denied, 385 U.S. 937, 87 S.Ct. 299, 17 L.Ed.2d 217 (1966). His testimony was uncorroborated and the "District Judge, as the fact finder, was not required to believe the uncorroborated testimony of the petitioner, even though no evidence to the contrary had been (or could have been) adduced." Walker v. Beto, 387 F.2d 626, 627 (5th Cir. 1967). *See also* Whitney v. Craven, 460 F.2d 1267 (9th Cir. 1972).

Appellant's testimony was inconsistent on its face, and Judge Gordon, who had an opportunity to observe appellant, expressly discredited and refused to believe his testimony.

Under the facts and circumstances of this case, we affirm the judgment of the District Court.

EDWARDS, Circuit Judge, joins.

McALLISTER, Senior Circuit Judge (dissenting).

Gerald Faught, petitioner herein, was found guilty by a jury in the Daviess Circuit Court of the Commonwealth of Kentucky, of the offenses of malicious shooting and wounding with intent to kill, of malicious shooting without wounding with intent to kill, and of aiding and abetting in the two named offenses, and, on the day of his appearance before the court for sentence, September 27, 1968, was sentenced to life imprisonment as an habitual criminal.

Petitioner Faught filed a petition for a new trial which was denied. He then filed, in accordance with RCr 11.42 of the Kentucky Rules of Criminal Procedure,[1] a motion based on RCr 11.02 which provides, in two entirely different sections, the following:

"(1) Sentence shall be imposed without unreasonable delay. Pending sentence the court may commit the defendant or continue or alter the bail. Before imposing sentence the court shall afford the defendant and his counsel an opportunity to make a statement or statements in the defendant's behalf and, if the sentence is fixed by the court, to present any information in mitigation of punishment."

The second section of RCr 11.02 provides:

"(2) After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal, or unable to employ counsel, to apply for leave to appeal in forma pauperis and to have the continued assistance of counsel to perfect and prosecute the appeal."

This motion was denied in an order without a hearing and the order of denial was afterward affirmed by the Kentucky Court of Appeals on some date not disclosed by the record. Petitioner thereafter filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Kentucky, at Owensboro. This petition was denied in an order, without a hearing, on January 27, 1970. The order of denial was afterward affirmed by this court on a date not appearing in the record. Petitioner then filed a second RCr 11.42 motion in the Daviess Circuit Court on May 18, 1972, which was denied without an evidentiary hearing, the order of denial being affirmed by the Kentucky Court of Appeals on February 16, 1973. On June 15, 1973, petitioner filed a petition for a writ of habeas corpus in the United States District Court and, on the same day, filed an affidavit for leave to proceed in forma pauperis, to which the Government filed a response and motion to dismiss the petition for the writ of habeas corpus. On September 6, 1973, the Honorable James F. Gordon, United States District Judge, held an evidentiary hearing, and on October 1, 1973, entered an order denying the petition.

On November 9, 1973, Judge Gordon entered an order granting a certificate of probable cause granting petitioner a right to appeal from the dismissal of his petition for the writ of habeas corpus.

There is only one issue in this case: Did the Daviess County Court comply with RCr 11.02 after imposing sentence on the petitioner, in advising the defendant of his right to appeal and of the right of a person who is unable to pay

---

1. RCr 11.42 provides for the filing of motions to vacate, set aside or correct sentences on various grounds.

the costs of an appeal, to apply for leave to appeal in forma pauperis, and to have the continued assistance of counsel to perfect and prosecute the appeal, and did the District Court comply with the same rule in denying the petition for the writ of habeas corpus?

The evidence is not in conflict. Petitioner testified, without contradiction, that the trial judge, after sentencing, had told him nothing about his right to appeal, or of appointing an attorney to make the appeal and prosecute it.

The State conceded that at the trial in the Daviess County Court, at which petitioner was sentenced, "neither the trial judge nor the petitioner's attorney at trial have any present recollection of the event in question. Petitioner testified that he had served time on two previous felony convictions resulting from pleas of guilty, but that this was his first jury trial and that he was not aware of his right to appeal in forma pauperis and was not advised of this right by the judge, his attorney, or anyone else. He stated that he first learned of this right about two years after he arrived at Eddyville from a fellow inmate who advises on such matters and who assisted him in the preparation of an RCr 11.42 motion."

There is nothing whatever in the record in this case that discloses that the trial judge complied with the rigorous Kentucky Rule of Criminal Procedure, RCr 11.02, Section 2.

The trial court's Order of September 27, 1968, sets forth:

"The defendant, Gerald Edward Faught, being in Court, the Judge of this Court informed the defendant, pursuant to KRS 11.02, that he had a right to make any statement he desired to make, before sentencing, and his Attorney was also asked relative to any statement he desired to make in connection therewith; whereupon, the defendant's counsel, Gene Lanham, made statements to the Court but the defendant made no statement. The Court questioned the defendant and ascertained that he was satisfied with his appointed counsel, Gene Lanham."

The above is the sole reference in the record of the trial court's action with reference to RCr 11.02, *and is limited to Section 1 of that Rule.*

It is Section 2 of the Rule upon which defendant relies, and upon which the claim of reversible error is based. Section 2, as above mentioned, requires the trial judge to advise defendant of his right to appeal in forma pauperis. This is the most important section of the Rule, and is crucial to the decision in this case.

This is not an unusual case. The books are full of adjudications where trial courts have failed in their rigorously imposed duty to inform a defendant after conviction on a jury trial, of his right to appeal at the expense of the state. The failure of trial courts to discharge this most important duty can result from forgetfulness, oversight, or fatigue. But the cases hereinafter cited, and quoted from, show this to be a common and not unusual failing, and require a reversal of the judgment.

The District Judge, in his order denying the petition for the writ of habeas corpus, said that he had observed the petitioner while testifying, and he did not believe him or give any credence to his testimony. The judge observed that petitioner had filed a previous habeas corpus petition in which he made several broad, conclusory, shotgun allegations about the conduct of his trial. However, that petition had been prepared by a fellow prisoner, and contained none of the allegations of the petition afterward before the court. In his order of denial of the writ of habeas corpus, the District Judge recited that "While the trial order is not a model of clarity, we believe it does reflect that RCr 11.02 was fully complied with. Judgments and records of state court proceedings carry with them a presumption of regularity. Bates v. Meadows, 358 F.2d 674 (6th Cir. 1966), cert. den., 87 S.Ct. 229 [299], 385 U.S. 937 [17 L.Ed.2d 217]. Peti-

tioner has failed in his efforts to rebut it. The petition is dismissed."

While the general rule is that judgments and records of court proceedings carry with them a presumption of regularity, that rule has absolutely no application to this case, because of the fact that any presumption of regularity in this case is obliterated by the fact that the court omitted all words or language informing defendant of his right of appeal at government expense, with the assistance of counsel paid for by the state, which is in violation of Kentucky law as well as federal law. This uncontradicted fact carries no presumption of regularity of such proceedings.

It is easy to trace the misconception in the order of the District Court in concluding the state criminal rule was fully complied with, after sentencing, and that petitioner was advised of his right to appeal and that if unable to pay the costs of an appeal or unable to pay counsel, he could apply for leave to appeal in forma pauperis and to have the continued assistance of counsel to perfect and prosecute the appeal.

The brief of the Attorney General for the Commonwealth of Kentucky, in stating the first contention relied upon to defeat the defendant, declared that "it was established that Faught had been advised pursuant to RCr 11.02." But this was contrary to the actual fact since, although Faught had been advised by the court of RCr 11.02(1), *it is uncontradicted that Faught was not advised by the court under the much more important Section 2 of RCr 11.02*, which informs a defendant after sentence of his right to appeal at state expense with legal assistance provided at state expense. The failure to advise Faught of his rights under Section 2 of RCr 11.02 is decisive of this case.

The order of the trial court in the criminal case in the Daviess County Court does not reflect that the state Criminal Rule was complied with. The trial court, according to the language of its order, stated that the trial judge informed petitioner that "he had a right to make any statement he desired to make, *before sentencing,* and his Attorney was also asked relative to any statement he desired to make in connection therewith." (Emphasis supplied.) The trial court made no statement to the petitioner or his attorney, *after sentencing,* advising petitioner of his right to appeal in forma pauperis, with counsel appointed for him to make and prosecute the appeal. This is the gist of the case. *Such a statement of the court, after sentencing, is absolutely required by RCr 11.02(2).* This is in keeping with Rule 32(a)(2) of the Federal Rules of Criminal Procedure which states:

"After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in *forma pauperis.* If the defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of the defendant."

The failure of the trial court of Daviess County to inform the petitioner of his rights of appeal and counsel to appeal and prosecute the proceedings, in derogation of the Criminal Rules of the State of Kentucky, resulted in a denial of due process in the same way as the neglect of a federal court so to advise a defendant in accordance with Rule 32(a)(2) of the Federal Rules of Criminal Procedure.

The District Judge did not state that he believed the trial judge had informed defendant of his right to appeal at state expense, with counsel provided at the expense of the state. And under the evidence he could not have made such a statement, because all the evidence was to the contrary including the record of the trial court.

In the prevailing opinion it is stated: "Judge Gordon (the United States District Judge) then examined the state

court record at sentencing *and made a specific finding that appellant had been advised of his right to appeal in forma pauperis and to have assistance of counsel.*" (Emphasis supplied.) There is, in the record, no evidence of any statement that the District Court made any specific finding, or any finding, that appellant had been advised of his right to appeal in forma pauperis and to have assistance of counsel. The above reference to the statement of the District Judge is clearly erroneous. If the District Judge had made such a specific finding that appellant had been advised of his right to appeal by the state court, and to have assistance of counsel, and the record sustained that statement, there would be no case now before this Court to warrant an opinion to the contrary. It is a singular circumstance that while the record of the trial court showed that appellant had been told, in accordance with RCr 11.02(1), that "he had a right to make any statement he desired, before sentencing," there is nothing whatever in the record showing that the trial court advised appellant of his right to appeal in forma pauperis.

In United States ex rel. Smith v. McMann, 2 Cir., 417 F.2d 648, 654, it was held that the state has the duty to warn every indigent convicted of crime of his right to appeal and his right to prosecute his appeal without expense to him by counsel appointed by the state, whether or not there is merit in the appeal. The Court went on to say:

"We think the only practical, logical and fair interpretation to be given to Douglas v. California [372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811] is that it imposes upon the state a duty to warn every person convicted of crime of his right to appeal and his right to prosecute his appeal without expense to him by counsel appointed by the state, if he is indigent. The right to appeal at the expense of the state is mere illusion if the convicted indigent defendant does not know such a right exists. And the one way to make sure that he does know is to tell him so."

The conviction was reversed for failure to tell the indigent defendant of his right to appeal at the state's expense.

In Prater v. Commonwealth, Ky., 476 S.W.2d 833, 834 (Kentucky Court of Appeals), the court said:

"The record does not show that the trial judge, after imposing sentence on these appellants, made any effort to advise them of their right to appeal. Prater and Smith make the statement that they were not aware of this right, were not advised of it at the time the court passed sentence, and had only recently become aware of this right.

"RCr 11.02(2) requires the trial judge to advise a defendant of his right to appeal, if he has been tried upon a plea of not guilty.

"There is nothing in the record showing that Prater and Smith may have waived this right.

"It is the opinion of this court that Prater and Smith were entitled to a hearing on the question of a denial of the right to a direct appeal."

The foregoing Kentucky case is practically identical with the case before us. There is nothing in the instant case to counteract the foregoing established facts.

Under these circumstances, there can be no presumption of the regularity of the proceedings, as the facts of the record itself show there was no regularity in the court's informing the defendant of his right to appeal at state expense. "To preserve the protection of the Bill of Rights for hard-pressed defendants, we indulge every reasonable presumption against the waiver of fundamental rights." Glasser v. United States, 315 U.S. 60, 70, 62 S.Ct. 457, 465, 86 L.Ed. 680.

What evidence do we have, then, in this case that defendant was not told of his right to appeal, and did not waive such right? In the first place, we have defendant's repeated, undisputed testimony that he was never told of his right to appeal. We have the trial judge, who

does not dispute defendant on this claim, but merely says he cannot remember whether he told defendant of his right to appeal. There is counsel for the state, present at the sentencing, who could not remember whether the trial judge informed defendant of his right to appeal. Finally, we have the record of the case as transmitted to the Kentucky Court of Appeals, in which the Clerk of that court records only *Section 1* of RCr 11.02, as being mentioned by the trial court, and omits any mention of the trial court's informing defendant of his right of appeal at the expense of the state—the only reasonable conclusion being that the trial judge never told the defendant of his right to appeal and never mentioned the most important section of RCr 11.02, which is Section 2. In the instant case there was nothing to show that the defendant had waived his right to appeal, yet the District Court must necessarily have found that defendant knew his rights and waived them by not appealing. This, however, is untenable.

"There is a presumption against the waiver of constitutional rights, see, e. g., Glasser v. United States, 315 U.S. 60, 70–71 [62 S.Ct. 457, 464–465, 86 L.Ed. 680,] and for a waiver to be effective it must be clearly established that there was 'an intentional relinquishment or abandonment of a known right or privilege.' Johnson v. Zerbst, 304 U.S. 458, 464 [58 S.Ct. 1019, 82 L.Ed. 1461.]" Phillips v. Neil, 452 F.2d 337, 349 (C.A.6, 1971). (quoting Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1965)). * * * "For waiver to be valid, it must be plain from the record that the accused understands the nature of the right waived and knowingly assents to its waiver." *ibid.*

The District Court, in its order denying defendant's claim, stated that he had observed petitioner while he was testifying and he did not believe him or give credence to his testimony, which was too inconsistent. The testimony is of such a nature that it would seem this Court could read it as well as the District Court. After many readings of the brief testimony, whatever inconsistencies may appear are not pertinent, are irrelevant, of no importance, and betray no evasive or dishonest motives.

The District Court seems to have believed that defendant knew of his rights to appeal, regardless of whether the trial judge told him of these rights. Yet, if this conclusion was based on defendant's two prior convictions on comparatively minor offenses without jury trials, the District Court's even partial reliance on the defendant's prior criminal experience would be an example of "the fallacy of relying upon defendant's supposed knowledge [of his right to appeal], for finding a waiver [of such right]. The previous criminal experience of a defendant is not a factual springboard from which courts may perfunctorily catapult to the conclusion that the defendant possesses the requisite knowledge to prosecute his appeal. * * * *" Davis v. United States, 464 F.2d 1009, 1014 (C.A.6). To hold on the meager record we have here that defendant knew of his rights solely on the basis of disbelieving defendant's testimony, would be a violation of the established rule that the *waiver must be clear on the record.*

The defendant was a poor man, without anything but the clothes on his body. The good things of the world, reserved for us, were not for him. He had no money. He left school at the seventh grade. He had no occupation, except occasionally trimming tree tops for his brother. A few slips in his brief statement before the District Court could reasonably be attributed to ignorance and lack of knowledge of legal terminology. What the shooting affray, for which defendant was convicted, was all about, is not disclosed by the record. Defendant's co-defendant was given parole. Defendant, because of his two prior break-ins of a warehouse, was sentenced to life imprisonment as an habitual criminal.

However, the facts prove beyond doubt that he was not informed by the trial court of his right to appeal at state expense; *and that is the proof that is conclusive in this case.*

"When society acts to deprive one of its members of his life, liberty or property, it takes its most awesome steps. No general respect for, nor adherence to, the law as a whole can well be expected without judicial recognition of the paramount need for prompt, eminently fair and sober criminal law procedures. The methods we employ in the enforcement of our criminal law have aptly been called the measures by which the quality of our civilization may be judged." Coppedge v. United States, 369 U.S. 438, 449, 82 S.Ct. 917, 923, 8 L.Ed.2d 21.

The judgment of the District Court should be reversed, and the case remanded for further proceedings in accordance with this opinion.