Billy L. SUMMERS

v.

Vinson THOMPSON, Warden.

No. 77-3041-NA-CV.

United States District Court,
M. D. Tennessee,
Nashville Division.

Nov. 17, 1977.

Hollis Moore, Jr., Nashville, Tenn., for petitioner.

Brooks McLemore, Jr., Atty. Gen., State of Tenn., William O. Kelly, Asst. Atty. Gen., Nashville, Tenn., for respondent.

## MEMORANDUM

MORTON, Chief Judge.

Petitioner, Billy L. Summers, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that he was unconstitutionally denied the effective representation of counsel on the appeal of his state court conviction. Respondent denies that petitioner's constitutional rights to representation by counsel on appeal were violated, contending that petitioner's uncooperativeness caused him not to be represented by retained counsel on appeal and that the State of Tennessee was under no obligation to secure appointment of counsel for petitioner. Evidentiary hearings on the merits of this petition were held on April 4 and 14, 1977, and September 29, 1977. Based on the evidence adduced therein, and the pleadings and exhibits filed by both parties, the court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On October 18, 1967, petitioner allegedly shot and killed a former girlfriend of his, Dottie Harris. Shortly after being arrested for the shooting, he was released on a $2,500 appearance bond. He thereafter retained Mr. Robert E. Lillard of the Nashville Bar to represent him in the state criminal proceedings. Mr. Lillard was paid $300 to represent petitioner in the criminal court proceedings.

On July 2, 1968, petitioner was convicted of first degree murder by a Davidson County jury and sentenced to twenty (20) years and one (1) day incarceration. Petitioner thereafter filed a motion for a new trial, which was denied, and then appealed his conviction to the Criminal Court of Appeals at Nashville. His bond was continued while his case was on appeal.

On February 3, 1969, Mr. Lillard moved for and was granted a continuance for the filing of his appellate brief. Thereafter, on May 7, 1969, Mr. Lillard obtained permission from the Criminal Court of Appeals to withdraw from the case because petitioner had failed to cooperate with him. Mr. Lil-lard had filed no assignments of error or brief prior to the time he was relieved from the case.

Pursuant to T.C.A. § 40–3409 and Tennessee Supreme Court Rule 17(6), the Criminal Court of Appeals was required to examine the record of petitioner's trial and render such judgment on the merits as the law demanded despite the fact that petitioner was no longer represented by counsel. On February 6, 1970, the court affirmed petitioner's conviction, rejecting each of the grounds for reversal raised by petitioner in his motion for a new trial. A final forfeiture of petitioner's bond was entered on May 5, 1970. Petitioner was taken into custody on May 28, 1970. Prior to the time he was taken into custody, petitioner was not aware of the fact that Mr. Lillard had withdrawn from the appeal. He subsequently filed a petition for post-conviction relief, pursuant to T.C.A. § 40–3801, et seq., in which he raised the same grounds as he is raising in the instant case. His petition for post-conviction relief was denied by both the Davidson County Criminal Court and the Criminal Court of Appeals.

The crucial period of time at issue in this case is the period from July 2, 1968 to May 7, 1969. Evidence in the record reveals that Mr. Lillard asked to be relieved from representing petitioner on appeal because he had been unable to contact or find petitioner since the time of petitioner's conviction. *See* Letter from Judge Mark A. Walker to Judges W. Wayne Oliver and Robert K. Dwyer, dated January 28, 1972. However, the uncontroverted and credible evidence introduced at the evidentiary hearings reveals that petitioner spoke with Mr. Lillard both in person and by telephone on several occasions after his conviction, and that petitioner unsuccessfully made a number of other attempts to speak with Mr. Lillard by telephone. The evidence further reveals that petitioner informed Mr. Lillard of any changes in his home address, and that petitioner, or someone on his behalf, paid Mr. Lillard at least $42.00 in addition to the $300.00 paid to Mr. Lillard prior to trial. Evidence was also introduced that Mr. Lil-

lard told petitioner that he would not need petitioner for the appeal and that he would contact petitioner if he needed him. Mr. Lillard was unable to confirm or deny any of the above recited testimony, the events in question having occurred some ten years ago and Mr. Lillard having no independent recollection of the facts, events, or dates surrounding the case in question. Mr. Lillard was also unable to locate the file he prepared in that case. Evidence was also introduced that petitioner informed the bonding company who had secured petitioner's appearance bond of any changes in his address.

## CONCLUSIONS OF LAW

In determining the merits of this matter, it is important to first note what this case is not. This is not a case in which a criminal defendant was not informed of his right to appeal his conviction. Cf. Faught v. Cowan, 507 F.2d 273 (6th Cir. 1974), cert. denied, 421 U.S. 919, 95 S.Ct. 1583, 43 L.Ed.2d 786 (1975). This is also not a case in which an indigent defendant was denied the right to representation by counsel on appeal, see Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), or a case in which a defendant's retained trial counsel refused to represent the defendant on appeal because of the defendant's inability to pay his counsel for his appeal. See, e. g., Reynolds v. Lockhart, 497 F.2d 314 (8th Cir. 1974); Horton v. Bomar, 230 F.Supp. 271 (M.D. Tenn.1964). Rather, this is a case in which the defendant retained counsel to represent him on appeal and the retained counsel obtained court permission to withdraw from the case and did not notify his client that he had secured such permission to withdraw. Therefore, the court finds that the cases cited and relied upon by respondent in his briefs are inapplicable to the case at bar.

Respondent contends that the petition should not be granted for two reasons. Respondent first contends that there was no interference with petitioner's constitutional right to representation by counsel on appeal. Respondent also contends that petitioner was not denied effective assistance of counsel. In view of the court's ruling on the effective assistance of counsel claim, the court need not and does not reach the question of whether there was any interference with petitioner's right to representation by counsel on appeal.

A criminal defendant is entitled to the effective representation of counsel both at trial and on appeal. Beasley v. United States, 491 F.2d 687 (6th Cir. 1974); United States ex rel. Maselli v. Reincke, 383 F.2d 129 (2d Cir. 1967). The standard in the Sixth Circuit for determining whether a defendant has received effective assistance of counsel is whether the defendant has received counsel "reasonably likely to render and rendering reasonably effective assistance." Beasley v. United States, supra at 696; Ray v. Rose, 535 F.2d 966, 973 (6th Cir.), cert. denied, 429 U.S. 1026, 97 S.Ct. 648, 50 L.Ed.2d 629 (1976); Price v. Perini, 520 F.2d 807, 808 (6th Cir.), cert. denied, 423 U.S. 950, 96 S.Ct. 371, 46 L.Ed.2d 287 (1975); Berry v. Cowan, 497 F.2d 1274, 1276 (6th Cir. 1974). Defense counsel "must conscientiously protect his client's interest, undeflected by conflicting considerations." Beasley v. United States, supra at 696 (citations omitted). Thus, petitioner must establish that Mr. Lillard did not render him reasonably effective assistance of counsel in order to succeed on the merits of his petition.

An attorney in a criminal case may not withdraw from employment without giving due notice of his withdrawal to his client, and without taking reasonable steps to avoid foreseeable prejudice to the rights of his client. American Bar Association Code of Professional Responsibility, Ethical Consideration 2–32, Disciplinary Rule 2–110(A).[1] In the case sub judice,

1. Ethical Consideration 2–32 provides:

A decision by a lawyer to withdraw should be made only on the basis of compelling circumstances, and in a matter pending before a tribunal he must comply with the rules of the tribunal regarding withdrawal. A lawyer should not withdraw without considering carefully and endeavoring to minimize the

petitioner's retained counsel did not inform petitioner that he had secured permission from the Criminal Court of Appeals to withdraw from petitioner's appeal despite the fact that petitioner had been in contact with him and had informed him of any changes in his home address. Counsel's failure to so inform his client deprived his client of the effective assistance of counsel on appeal since petitioner did not have the opportunity to employ alternate counsel. Although the Criminal Court of Appeals reviewed the record of petitioner's trial, it did not have the benefit of a brief or argument on petitioner's behalf. Counsel for petitioner may have been able to point out some case law or some nuance within the law that might have changed the findings of the appellate judges. However, petitioner did not have the opportunity to so do. Through no apparent fault of his own, petitioner was denied the opportunity to secure alternative representation before the Criminal Court of Appeals. Therefore, since he had no representation before the Criminal Court of Appeals, and since this lack of representation was not occasioned by his own wrongdoing, the court must hold that petitioner did not receive counsel "reasonably likely to render and rendering reasonably effective assistance." *Beasley v. United States, supra* at 696.[2]

Accordingly, the court holds that the writ of habeas corpus must be issued in this case. Thus, an order will be entered directing that the writ of habeas corpus be issued ninety days from the date of entry of the order and that petitioner be released from state custody unless the State of Tennessee initiates action for a new trial for petitioner or a direct appeal from his conviction within the ninety day period. *See Faught v. Cowan, supra* at 274–75; *Lovelace v. Haskins,* 474 F.2d 1254, 1255 (6th Cir. 1973). Should the State of Tennessee choose to retry petitioner or allow him a direct appeal of his conviction, it should take care to ensure that petitioner is effectively represented by counsel at those proceedings.[3]

An appropriate order will be entered.

---

possible adverse effect on the rights of his client and the possibility of prejudice to his client as a result of his withdrawal. *Even when he justifiably withdraws, a lawyer should protect the welfare of his client by giving due notice of his withdrawal, suggesting employment of other counsel, delivering to the client all papers and property to which the client is entitled, cooperating with counsel subsequently employed, and otherwise endeavoring to minimize the possibility of harm.* Further, he should refund to the client any compensation not earned during the employment. (emphasis added) (footnotes omitted)

Disciplinary Rule 2–110(A) provides:
Withdrawal from Employment.
(A) In general.
(1) If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before that tribunal without its permission.
(2) *In any event, a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to*

*the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules.*
(3) A lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned. (emphasis added) (footnotes omitted)

2. Nothing in the court's opinion should be construed as *intimating a belief on the part of the court that the Criminal Court of Appeals did not properly consider the merits of petitioner's appeal.* The court well accepts the fact that the *Criminal Court of Appeals carefully reviewed the record of petitioner's conviction and the issues he raised in his motion for a new trial.*

3. Since the questions of the merits of petitioner's conviction and appeal are not properly before the court at this time, the court intimates no beliefs thereon.