999 F.2d 540
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Gregory MERRITT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-5242.
 United States Court of Appeals, Sixth Circuit.
 July 8, 1993.
 
 Before KENNEDY and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 William G. Merritt, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In July 1987, Merritt pleaded guilty to six felony offenses, including bank fraud and embezzlement. The district court sentenced Merritt to three years on each count, to run concurrently; however, the district court ordered him to serve only the first 90 days, with the balance to be suspended, followed by five years' probation. The district court also ordered Merritt to pay restitution of $12,727 and a $300 special assessment penalty. On September 20, 1987, the district court ordered Merritt released from custody on September 25, 1987, with probation to begin on that date.
 
 
 3
 Following Merritt's repeated violations of the conditions of his probation, the district court granted the government's petition to revoke his probation after he stipulated to the facts establishing the violations. The district court ordered Merritt to serve a twenty-two month term of incarceration. Merritt did not appeal this judgment; instead he filed various motions seeking relief from that judgment, including a motion for a new trial, a motion to vacate judgment, and a motion to amend the judgment. The district court denied these motions as without merit. None of these motions is the subject of this appeal.
 
 
 4
 Merritt then filed another motion to vacate sentence, arguing that: 1) he did not understand the consequences of stipulating to the facts establishing his violations of the conditions of his probation; 2) he received ineffective assistance of counsel at the revocation proceedings; 3) he was not made aware of his right to appeal the revocation decision; and 4) the United States Attorney misled the court when he indicated that Merritt had not paid the $300 special assessment penalty. The district court denied the motion. Merritt has filed a timely appeal, and moves the court for the appointment of counsel, to proceed in forma pauperis on appeal, for release on bail pending review, and for supervised release.
 
 
 5
 Upon review, we conclude that the district court properly denied Merritt's motion to vacate sentence because he has not shown a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 6
 Merritt's admission that he violated the terms of his probation was entered voluntarily, knowingly, and intelligently. See Brady v. United States, 397 U.S. 742, 749 (1970); Riggins v. McMackin, 935 F.2d 790, 795 (6th Cir.1991). The record clearly establishes that the trial judge informed Merritt of the direct consequences of his plea. See Brady, 397 U.S. at 755. Nor has Merritt established that he received ineffective assistance of counsel, or that but for counsel's errors, he would not have admitted that he violated his probation. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987).
 
 
 7
 Furthermore, Merritt has not established that the United States Attorney's conduct rendered the proceedings fundamentally unfair, Martin v. Foltz, 773 F.2d 711, 716 (6th Cir.1985), cert. denied, 478 U.S. 1021 (1986), or that his defense was prejudiced. Cf. Johnson v. Burke, 903 F.2d 1056, 1062 (6th Cir.), cert. denied, 498 U.S. 865 (1990). Finally, Merritt has not established that either the trial judge or his counsel interfered with his right to appeal. See Fed.R.Crim.P. 32(a)(2); cf. Faught v. Cowan, 507 F.2d 273, 278 (6th Cir.1974), cert. denied, 421 U.S. 919 (1975).
 
 
 8
 Accordingly, while we grant Merritt's request to proceed informa pauperis, we deny all other pending motions, and affirm the district court judgment. Rule 9(b)(3), Rules of the Sixth Circuit.