961 F.2d 1579
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mack OVERTON, Defendant-Appellant.
 No. 91-6146.
 United States Court of Appeals, Sixth Circuit.
 May 14, 1992.
 
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges, and WILHOIT, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Defendant Mack Overton appeals his jury convictions on two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e). His appeal presents one threshold jurisdictional issue and two substantive issues.
 
 
 2
 We affirm in part and reverse in part Overton's convictions.
 
 I.
 
 3
 Mack Overton is a well-known felon in Scott County, Tennessee, and his criminal record contains three felony convictions since 1987. In March 1990, Scott County deputies responded to a call reporting a disturbance at the home of Overton's mother. When the deputies arrived, they saw Overton in a car in the driveway. As Deputy Stephen Trammel approached the car, he saw Overton take a small revolver from inside his coat and drop it to the floor of the car. The deputies then arrested Overton and searched his person and the car. A search of his person discovered several knives and ammunition; the car search revealed a loaded .22 caliber revolver, with its serial number ground off. On the day after his arrest, Overton told Deputy Trammel that he "only carried the gun because he was afraid that someone was going to kill him." Testimony later indicated that the revolver was a functioning firearm, and had been manufactured in Florida.
 
 
 4
 Overton was subsequently charged with several state felonies: possession of a firearm with an altered serial number, possession of a firearm by a convicted felon, and public intoxication. There were other charges pending against Overton at the time. He ultimately pled guilty to two state charges: possession of a weapon by a convicted felon, and driving while intoxicated.
 
 
 5
 In January 1991, a federal grand jury in the Eastern District of Tennessee returned an indictment charging two violations of 18 U.S.C. § 922(g)(1), felon in possession of a firearm, and 18 U.S.C. § 924(e), providing for enhanced penalties for a person violating section 922(g)(1) who has three previous felony convictions. Count 1 related to Overton's possession of the revolver, and Count 2 related to his possession of ammunition. In March, a different grand jury returned a superseding indictment charging the same offenses.
 
 
 6
 The case was tried to a jury in May 1991, and Overton was represented by appointed counsel. The jury convicted Overton on both counts. On August 1, 1991, the district court entered a judgment of conviction and sentenced Overton to 15 years imprisonment on each count, to be served concurrently. At sentencing, his trial counsel was permitted to withdraw. On September 20, 1991, the district court, apparently sua sponte, entered an order amending the judgment of conviction. The order noted that no provision had been made to appoint defendant counsel for an appeal. Therefore, the order appointed counsel for the purpose of appeal and allowed Overton 30 days from the date of the order to perfect his appeal. Overton filed a notice of appeal from the judgment on September 25, 1991.
 
 II.
 
 7
 On appeal, the government presents a threshold issue, contending that this court does not possess jurisdiction because Overton failed to file a notice of appeal within 40 days after the judgment of conviction was entered.
 
 
 8
 Federal Rule of Appellate Procedure 4(b) permits a criminal defendant ten days after the entry of the judgment in which to file a notice of appeal. Rule 4(b), however, also states:
 
 
 9
 Upon a showing of excusable neglect the district court may, before or after the time has expired ... extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.
 
 
 10
 If time is counted in this case from the entry of the judgment, ten days expired on August 11, and 30 days expired on September 10. Overton did not file his notice by either date. These deadlines, however, give no effect to the order entered on September 20 granting Overton 30 days in which to perfect his appeal. The district court apparently felt that it had not respected Overton's right to appointed counsel on appeal.
 
 
 11
 The Criminal Justice Act requires that "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate or the court through appeal...." 18 U.S.C. § 3006A(c). This court has held that an indigent defendant is denied his right of direct appeal if he was not informed of his right to appointed counsel on appeal. Lovelace v. Haskins, 474 F.2d 1254 (6th Cir.1973).
 
 
 12
 It appears that from the August 1 judgment to the September 20 order, Overton was not represented by counsel. In its September 20 order, the district court concluded that the judgment was in error because "there was no provision to appoint defendant counsel pending appeal." We assume that the September 20 order reflected an attempt by the district court to remedy a constitutionally deficient judgment, and this court will not ignore the September 20 order. Rather, we shall treat the order as the final judgment.
 
 
 13
 Federal Rule of Criminal Procedure 36 permits the district court to correct clerical mistakes in judgment at any time. The September 20 order corrects the original final judgment and becomes an amended final judgment. The Rule 4 time period began to run, therefore, from September 20. Overton's notice was filed on September 25, and is thus timely. We, therefore, have jurisdiction to hear Overton's appeal.
 
 III.
 A.
 
 14
 Overton presents two substantives issues. He argues first that the district court abused its discretion when it did not continue the trial due to the failure of two defense witnesses to appear. He contends that the marshals' failure to serve subpoenas on the two witnesses violated his right to compulsory process.
 
 
 15
 The two witnesses in question were Delores Overton Jeffers, defendant's sister, and Victory West Overton (nee Victory May West), defendant's wife. At the time of his arrest, she was defendant's girlfriend. The women were apparently at the scene when the deputies arrested Overton. At Overton's request, the district court authorized subpoenas for both women on Wednesday, May 22, 1991, to testify for defendant at trial on the following Tuesday, May 28. The marshals attempted to serve the subpoenas on Friday, May 24. Despite seeking assistance from a Scott County Sheriff's deputy and residents of neighboring houses, they were unable to locate the two witnesses. The marshals did not attempt to serve the subpoenas on Saturday, Sunday, or Monday, which was the Memorial Day holiday.
 
 
 16
 At trial, the defense intended to call the two subpoenaed women; however, neither woman appeared. Defense counsel did not explicitly request a continuance and he made no proffer regarding the expected testimony of Delores Overton Jeffers. As to Victory Overton's testimony, trial counsel stated:
 
 
 17
 My client tells me what she might say. That may or may not be accurate. Of course, the Court heard the testimony by the officers about a call coming in for a domestic disturbance that they say they think she made it. My client is under the impression that she did not. That is a real material fact in this case.
 
 
 18
 After hearing this proffer, the district court stated:
 
 
 19
 I don't think it's material at all. I don't think any of that is material. The point is he was caught with a pistol. That is the only thing that is, that is the only issue in this case that is relevant.
 
 
 20
 Although defense counsel did not specifically ask for a continuance, a review of the record reveals that if the district court had accepted defense counsel's arguments, the appropriate action would have been for the district court to continue the trial. This court thus applies the standard of review relating to denials of continuances, which is abuse of discretion. United States v. Sawyers, 902 F.2d 1217, 1219 (6th Cir.1990), cert. denied, 111 S.Ct. 2895 (1991).
 
 
 21
 The Sixth Amendment grants a defendant the general right to compel attendance of favorable witnesses at trial. Washington v. Texas, 388 U.S. 14 (1967). Nevertheless, the Supreme Court has held that in order to make out a violation of his Sixth Amendment right, a defendant must "at least make some plausible showing of how [the witnesses'] testimony would have been both material and favorable to his defense." United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982). This court has amplified the Court's holdings, adding the requirement that the defendant demonstrate that he exercised due diligence in procuring the attendance of the witness. Sawyers, 902 F.2d at 1219.
 
 
 22
 Overton made no proffer of what testimony he expected from Delores Overton Jeffers. Therefore, we cannot conclude that it would have been material and favorable.
 
 
 23
 As to Victory Overton, defense counsel stated that Victory Overton might testify that she did not call in a domestic disturbance. In addition, before this court, Overton contends that Victory Overton could have testified about the ownership of the gun and actual location of the gun at the time of the arrest. Overton, however, did not demonstrate that Victory Overton would have testified in favor of Overton on any of these issues; at trial, defense counsel merely indicated that he knew "what she might say. That may or may not be accurate." Overton's speculation is insufficient.
 
 
 24
 Beyond the lack of proof as to the materiality of Victory Overton's testimony, Overton also failed to demonstrate due diligence in procuring her testimony. Overton did not assist the marshals in finding his wife, nor did he interview her.
 
 
 25
 Overton has failed to demonstrate either that the testimony of his wife and sister would have been material and favorable or that he used due diligence in procuring their testimony. The district court did not abuse its discretion by denying a continuance.
 
 B.
 
 26
 Overton also argues that the district court abused its discretion when it sentenced Overton on both counts of the indictment, although the convictions resulted from the simultaneous possession of a firearm and ammunition. Overton contends that 18 U.S.C. § 922(g)(1) was not meant to permit such separate punishment. The government agrees, and does not dispute his argument.
 
 
 27
 18 U.S.C. § 922(g) provides, in relevant part:
 
 
 28
 It shall be unlawful for an person--
 
 
 29
 (1) who is under indictment for, or who has been convicted of, a crime punishable by imprisonment for a term exceeding one year....
 
 
 30
 .............................................................
 
 
 31
 ...................
 
 
 32
 * * *
 
 
 33
 to ship or transport any firearm or ammunition in interstate or foreign commerce.
 
 
 34
 We agree with the parties' understanding of section 922(g). Their position accurately reflects the law. In United States v. Throneburg, 921 F.2d 654 (6th Cir.1990), this court held that while a defendant may be tried and convicted under section 922(g)(1) on separate counts for the ammunition and the firearm, a defendant may not be sentenced on both. We noted that the proper course in a case where a defendant was convicted on multiplicitous counts would be for the district court to merge the counts at sentencing:
 
 
 35
 [T]he separate counts for the ammunition and the gun--counts which require other factual proofs--are appropriate separate units of prosecution for purpose of trial, although they would merge for purposes of sentencing.
 
 
 36
 921 F.2d at 657.
 
 
 37
 Here, while the district court properly allowed the government to prosecute Overton on both counts, upon conviction for both, it should have merged the two counts for sentencing purposes. We shall vacate the judgment of conviction on Count 2. See United States v. Rosenbarger, 536 F.2d 715, 719 (6th Cir.1976), cert. denied, 431 U.S. 965 (1977).
 
 III.
 
 38
 We AFFIRM the judgment of conviction and sentence on Count 1. We VACATE the judgment of conviction and sentence on Count 2. Because the district court sentenced Overton to identical, concurrent sentences on Counts 1 and 2, we do not remand for resentencing.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., United States District Judge for the Eastern District of Kentucky, sitting by designation