RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0427P (6th Cir.)
File Name: 01a0427p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

RONALD FIELDS,
            *Petitioner-Appellee,*

            *v.*

MARGARET BAGLEY, Warden,
            *Respondent-Appellant.*

No. 00-4032



Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 98-02826—Kathleen McDonald O'Malley,
District Judge.

Argued: December 10, 2001

Decided and Filed: December 19, 2001

Before: JONES and COLE, Circuit Judges; SARGUS,
District Judge.[*]

---

[*] The Honorable Edmund A. Sargus, Jr., United States District Judge
for the Southern District of Ohio, sitting by designation.

1

———————————

**COUNSEL**

**ARGUED:** M. Scott Criss, OFFICE OF THE ATTORNEY GENERAL, CORRECTIONS LITIGATION SECTION, Columbus, Ohio, for Appellant.    Carlos Warner, CUYAHOGA COUNTY PUBLIC DEFENDER OFFICE, Cleveland, Ohio, for Appellee. **ON BRIEF:** M. Scott Criss, OFFICE OF THE ATTORNEY GENERAL, CORRECTIONS LITIGATION SECTION, Columbus, Ohio, for Appellant.    Donald Green, CUYAHOGA COUNTY PUBLIC DEFENDER OFFICE, Cleveland, Ohio, for Appellee.

———————————

**OPINION**

———————————

   PER CURIAM.   The district court granted petitioner-appellee, Ronald Fields, a writ of habeas corpus because his due process rights and rights to counsel were violated due to his lawyer's ineffective assistance.  Fields's lawyer neither notified Fields of a state-court appeal of his successful motion to suppress evidence nor represented Fields during that appeal.  Margaret Bagley, the warden, appealed the district court's grant of the writ of habeas corpus to this Court. Because the district court's decision is well-reasoned and because Bagley did not raise issues beyond those considered by the district court, we see no reason to embellish upon the district court's opinion, which we attach as an appendix.  We **AFFIRM** the district court's opinion and **ADOPT** it as our own.

**APPENDIX**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RONALD FIELDS,** | : | **Case No.  1:98cv02826** |
| **Plaintiff,** | : | **JUDGE O'MALLEY** |
| v. | : | |
| | : | **MEMORANDUM & ORDER** |
| **MARGARET BAGLEY,** | : | |
| **Warden Lorain** | : | |
| **Correctional Institution,** | : | |
| **et al.,** | : | |
| **Defendants.** | : | |

Ronald Fields filed this habeas corpus petition, pursuant to 28 U.S.C. § 2254, challenging his incarceration after pleading "no contest" to two counts of aggravated trafficking, Ohio Rev. Code § 2925.03, and one count of possession of criminal tools, Ohio Rev. Code § 2923.24.  Fields alleges that he is being held unconstitutionally because he was denied the effective assistance of counsel, in fact, any assistance of counsel, in the state's appeal of the trial court's ruling suppressing the evidence upon which the charges against him were based.  This case was designated to an administrative track and, pursuant to local rule 72.2 (b) and 16.2 (a), the Court referred it to Magistrate Judge David S. Perelman for a report and recommendation.  On November 19, 1999, the Magistrate Judge recommended that the Court grant Fields's petition.  Respondents filed a timely objection to the Magistrate Judge's Report and Recommendation.  For the reasons stated below, Fields's Petition for Habeas Corpus is **GRANTED**.

## I.  BACKGROUND

On December 14, 1994, police officers discovered cocaine during a search of Ronald Fields's bag following his arrival at the Cleveland Hopkins International Airport.  Fields was arrested, taken into custody and charged with two counts of aggravated trafficking, and one count of possession of criminal tools.  Fields retained counsel, attorney Donald Tittle, who filed a Motion to Suppress.  On March 10, 1995, the trial court held a suppression hearing.  On April 19, 1995, the trial court suppressed the cocaine because it found that it was the fruit of an unreasonable search and seizure.  Fields was released from custody at that time on a $100,000 bond and was permitted to return to his home in Seattle, Washington.

On April 26, 1995, the state filed an appeal from the trial court's decision to suppress the cocaine.  The state served Fields's attorney, Donald Tittle, but made no effort to serve Fields himself.  Tittle, apparently, no longer believed he represented Fields.  Tittle states in his affidavit that, at that time, he informed both the prosecutor and the court of appeals that he had not been retained to represent Tittle for the state's appeal and that he believed that Tittle was indigent.  Tittle did not, however, file a motion to withdraw from representation before the appeals court reached a decision on the suppression issue and neither Tittle nor Fields filed a brief on the merits.

On February 1, 1996, the Eighth District Court of Appeals for the State of Ohio reversed the trial court's order suppressing the evidence. *See State v. Fields*, Cuyahoga App. No. 68906, unreported (Feb. 1, 1996).  The trial judge, later, signed an affidavit stating that the prosecutor had not provided the appellate court with a full record.  The transcript submitted to the appellate court did not contain the trial judge's statement that he granted the motion to suppress because he did not find the police officers' testimony credible.

The opinion first appeared with Tittle's name on it as counsel of record.  Tittle filed a motion asking to have his name removed from the opinion. On February 6, 1996, the

**IT IS SO ORDERED.**

_____

**KATHLEEN McDONALD O'MALLEY
UNITED STATES DISTRICT JUDGE**

from seeking habeas corpus relief for that error. *See Leverett v. Spears*, 877 F.2d 921, 924 (11th 1989); *Draugh v. Jabe*, 803 F.Supp. 70, 75 (E.D.Mich.1992).

Respondent proffers no evidence that Fields invited any error, however, but merely insinuates that the Cuyahoga County Public Defenders office and Fields's retained counsel, Tittle, colluded to leave Fields without counsel on appeal so that he would have a reason to appeal the reversal of the suppression to the Supreme Court. This argument borders on the absurd; why would Tittle create an issue for appeal, when the remedy for that error would be to provide Fields with counsel on appeal, something that Tittle simply could have done in the first instance. This argument also ignores that the Ohio Court of Appeals, apparently, would had to have taken part in the collusion when it agreed to grant Tittle's motion to remove his name from the appeal. That Tittle later reinvolved himself in Fields's case by filing a motion to re-open proceedings, and that Tittle worked with the Cuyahoga County Public Defenders office to provide evidence that he did not believe that he represented Fields on appeal is not evidence of collusion, or evidence that Fields invited this error to create an issue for appeal; it is simply evidence that Tittle came to realize that his abandonment of Fields was both improper and prejudicial. The Court finds this argument to have no merit.

## III. CONCLUSION

Accordingly, the Court adopts the report and recommendation of Magistrate Judge David S. Perelman. Fields's Petition for Habeas Corpus is **GRANTED**; Fields must be provided the opportunity to defend the appeal of the trial court's suppression ruling in the state court of appeals. If Fields is not provided such opportunity within ninety (90) days of this Order, his conviction must be vacated.

Cuyahoga County Public Defender filed a motion for reconsideration of the appellate court opinion, because Fields was not represented by counsel on appeal. On February 29, 1996, the appellate court denied the motion for reconsideration and granted Tittle's motion to remove his name as counsel of record on appeal.

The Cuyahoga County Public Defender's office then filed an appeal to the Ohio Supreme Court claiming that Fields was denied the assistance of counsel on appeal. On July 2, 1997, the Supreme Court denied leave to appeal. Fields also filed an application to reopen in the appellate court, pursuant to Ohio Rule of Appellate Procedure 26(B). On September 5, 1997, the appellate court denied the application on the basis that "Rule 26(B). . . only permits a defendant to apply for reopening of an 'appeal from the judgment of conviction and sentence', based on a claim of ineffective assistance of appellate counsel. The appellate judgment applicant is attempting to reopen is not an appeal from a conviction and sentence, but an appeal by the state pursuant to Crim R. 12(J) and App. R. 4(B)(4)." *See* Resp. Ex. W. Fields then appealed the appellate court's decision not to reopen the case to the Supreme Court. The Supreme Court dismissed the appeal as not involving any substantial constitutional question.

After the case was remanded to the trial court, Fields entered a plea of nolo contendere to the three counts against him. On April 27, 1998, Fields filed a notice of appeal to the Eighth District Court of Appeals. On July 6, 1998, Fields moved to dismiss his direct appeal in order to pursue remedies in Federal Court.

## II. LAW & ANALYSIS

Fields asserts that he was denied any assistance of counsel on the state's interlocutory appeal of the trial court's suppression order. Respondent contends the Court should not grant Fields's petition because (1) petitioner has not exhausted his state remedies as to the issue raised in that petition, (2) the issue lacks merit, either because Fields cannot show that he lacked effective assistance of counsel on appeal,

or under the doctrine of invited error. The Court will address each of respondent's arguments in turn.

## A. Exhaustion

Fields asserts that he has exhausted the only claim presented to this Court. He asked the appellate court to reconsider its decision and to reopen the case. The appellate court refused. He has also presented the issue twice to the Ohio Supreme Court, who, both times, refused to hear it. Despite these efforts, Respondent asserts that petitioner failed to exhaust his claims because he did not pursue a direct appeal from his sentence and conviction after pleading nolo contendere. Respondent asserts further that, because the time has run on Fields's ability to directly appeal his sentence and conviction, Fields is barred from attempting to exhaust those claims now because they would be procedurally defaulted.[1]

The Court agrees with the Magistrate Judge that Fields has exhausted his claims. Fields has taken his claim to the highest court in Ohio, and that court had the ability to review the claim on its merits. This is all that is necessary to exhaust his claim. *See Tuggle v. Seabord*, 806 F.2d 87, 91 (6th Cir. 1986) ("Once an issue of asserted constitutional violation has been presented to the State's highest court, the doctrine of exhaustion of remedies does not require future repetitive presentations to such court by additional attempts through a variety of successive motions"); *Coleman v. Maxwell*, 351 F.2d 285, 286 (6th Cir.1965)("It is clear to this court that once an issue of asserted federal constitutional violation has been presented to the highest state court in the state concerned, that the doctrine of exhaustion of remedies does not require futile

---

[1] "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[, then] there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims." *See Coleman v. Thompson*, 501 U.S. 722 (1991).

testimony credible was not contained in the transcripts of the proceedings although it should have been in them"). The appellate court, therefore, was unaware of this basis for the trial court's decision. If the trial court's credibility determination had been included in the transcript, the appellate court would have been required to give that determination great deference.[5] The appellate court's analysis of the reasonableness of the search and seizure, therefore, would have changed substantially. This clearly satisfies the prejudice prong of *Strickland*.[6] The Court, thus, finds that Fields lacked the effective assistance of counsel on the appeal of the suppression hearing.

## 2. Invited Error

Second, respondent argues that Fields cannot raise an error that he provoked under the doctrine of invited error. The doctrine of "invited error" is a branch of the doctrine of waiver in which courts prevent a party from inducing an erroneous ruling and later seeking to profit from the legal consequences of having the ruling set aside. *Harvis v. Roadway Express, Inc.*, 923 F.2d 59, 61 (6th Cir.1991). When a petitioner invites an error in the trial court, he is precluded

---

[5] When considering a motion to suppress, the trial court is the primary judge of the credibility of witnesses and the weight of the evidence. *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982). If the trial court's findings are supported by competent and credible evidence, then the appellate court must accept them. *See State v. Williams*, 86 Ohio App. 3d 37, 41 (1993). A reviewing court can evaluate evidence in terms of sufficiency, but it cannot second guess the trial court's determination of credibility. *Id.* Once the trial court determines the facts, however, the appellate court determines "without deference, whether the court has applied the appropriate legal standard." *See State v. Anderson*, 100 Ohio App.3d 688, 691 (1995). *See also State v. Klump*, 2000 WL 744981 (Ohio App. June 12, 2000).

[6] The Ohio Court of Appeals was aware of Fields's lack of counsel at the appellate stage; it allowed Tittle to withdraw his name from the appeal without giving Fields the chance to present argument to the appellate court through substitute counsel, despite multiple requests to do so.

*See also Summers v. Thompson*, 444 F.Supp. 312, 314 (M.D. Tenn. 1977) (finding ineffective assistance of counsel when counsel failed to notify his client that he was withdrawing from further representation).  The Court, therefore, finds that Fields passes the first prong of *Strickland*.

The Court also finds that Fields was prejudiced by the lack of assistance. In this respect, the Court must ascertain whether counsel's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Skaggs v. Parker*, 27 F.Supp.2d 952, 967 (1998) *quoting Strickland*, 466 U.S. at 686. Fields was not able to present any argument to advocate for affirmation of the suppression order, which, by itself, is enough to show prejudice. *See U.S. Ex Rel. Thomas v. O'Leary*, 856 F.2d 1011 (7th Cir. 1988) (holding that lack of counsel during state's appeal of trial court's decision to suppress evidence is ineffective assistance of counsel per se). *See also United States v. Cronic*, 466 U.S. 648 (1984) ("The presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial"); *Green v. Arn*, 809 F.2d 1257, 1263 (6th Cir. 1987) *vacated on other grounds*, 108 S.Ct. 52 (1987), *reinstated* 839 F.2d 300 (6th Cir.1988) ("Where the Sixth Amendment claim is the denial, rather than the ineffective assistance, of counsel, the criminal defendant need only show that counsel was absent during a critical stage of the proceedings in order to establish the constitutional violation.  Absence from the proceedings is deficient performance as a matter of law, and prejudice is presumed").

More specifically, however, Fields was unable to point out that the appellate court did not have the full record of the suppression proceedings before it. The trial court's statement that it was suppressing the drugs because it did not find the testimony of the police officers to be credible was not included in the transcript.  *See* Aff. of Judge Richard McMonagle ("I stated in open court that I was granting the motion because I did not find the police officers testimony credible.  The statement that I did not find the officers'

repetitive presentation to such court by repeated attempts through a variety of motions"). "[O]nce [a] federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Castille v. Peoples*, 489 U.S. 346, 350 (1989) *quoting Picard v. Connor*, 404 U.S. 270, 275 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir.1984).

Because Fields has presented this constitutional issue twice to both the Ohio Appellate Court and the Ohio Supreme Court, and there is no reason to believe those courts would or could change their views of the issue, the issue is exhausted and not subject to procedural default.[2] *Cf. Coleman v. Thompson*, 501 U.S. 722, 749 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or

---

[2] In Ohio, the law-of-the-case doctrine "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St. 3d 1, 4, 2-13 (1984).  Although there is some possibility that the Court of Appeals and the Ohio Supreme Court could have addressed Fields's constitutional issue on a direct appeal from his conviction and sentence, notwithstanding this law of the case doctrine, *see State v. Patterson*, 1996 WL 210773 (Ohio App. 1996), that possibility is slim.  While it is true that the law of the case doctrine is only "considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results," *Nolan*, 11 Ohio St.3d at 3-4, exceptions to the law of the case doctrine are only applied under the rarest of circumstances, and may not be invoked as a way in which an unsuccessful litigant can have his case redetermined. *See Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 90 Ohio App.3d 490 (1993); *Weaver v. Motorists Mut. Ins. Co.*, 68 Ohio App.3d 547 (1990).  Thus, the possibility that these Courts *might* address the issue under some rare exception to the law of the case doctrine does not mean that Fields has not sufficiently exhausted the issue.

demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice").[3]

## B. Merits

### 1. Assistance of Counsel

The respondent asserts two arguments on the merits of Fields's habeas petition. First, respondent asserts that Fields cannot prevail on an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984). This Court agrees with the Magistrate Judge that the absence of counsel on Fields's appeal of the trial court's suppression finding satisfies *Strickland*.

A defendant is entitled to the effective assistance of counsel in his first appeal as a matter of right. *See Smith v. Robbins*, 145 L. Ed. 2d 756, 775 (2000); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). As the Supreme Court has stated "a criminal appellant must face an adversary proceeding that – like a trial – is governed by intricate rules that to a layperson would be hopelessly forbidding. An unrepresented appellant – like an unrepresented defendant at trial – is unable to protect the vital interests at stake." *Id*. The state's interlocutory appeal of a trial court's order suppressing evidence is an appeal requiring the effective assistance of counsel just as a direct appeal from a conviction would. *See U.S. Ex. Rel. Thomas v. O'Leary*, 856 F.2d 1011 (7th Cir. 1988).[4]

Under *Strickland*, counsel's conduct will only be deemed constitutionally deficient if *both* of the following are true:

---

[3] If the issue had been presented to the state Supreme Court only once, and that Court had refused to consider it based on a procedural rule (such as the inapplicability of Rule 26(B) to interim appeals by the state), this Court's view of the exhaustion question might well be different. That is not the case here, however.

[4] Indeed, respondent does not assert that the state's appeal of the suppression decision was not a critical stage of the proceeding during which Fields would have no right to counsel.

(1) counsel's conduct fell below basic standards of assistance, *and* (2) but for counsel's professional failures, the result of the trial would likely have been different – *i.e.*, the defendant was prejudiced thereby. In *Strickland*, therefore, the Supreme Court held that a petitioner must demonstrate *cause* and *prejudice* to prevail on an ineffective assistance of counsel claim. To demonstrate cause, the petitioner must show "that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. "The objective standard of reasonableness is 'highly deferential' and includes a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Skaggs v. Parker*, 27 F.Supp.2d 952, 967 (1998) *quoting Strickland*, 466 U.S. at 688, 689. Under this standard, "[t]he assistance required of counsel is not that of the most astute counsel, but rather that of 'reasonably effective assistance.'" *Id*.

Fields's counsel did not provide any assistance at all, let alone effective assistance. Respondent, itself, points out that Fields's counsel breached his duty to inform his client and the court of the fact that he no longer represented Fields and to inform his client that an appeal had been taken. *See Boyd v. Cowan*, 494 F.2d 338 (6th Cir. 1974) ("Denial of constitutional right to appeal [may result from] failure of retained counsel to perfect an appeal when the facts in the case impose a duty upon him to do so"). Fields's counsel, moreover, violated several Ethical Considerations under the Ohio Code of Professional Responsibility in leaving his client with no representation on appeal of the suppression issue. *See* EC 2-30 ("Trial counsel for a convicted defendant should continue to represent his client by advising whether to take an appeal and, by representing him through the appeal unless new counsel is substituted or withdrawal is permitted by the appropriate court."); EC 2-31 ("a lawyer should protect the welfare of his client by giving due notice of his withdrawal, suggesting employment of other counsel, delivering to the client all papers and property to which the client is entitled, cooperating with counsel subsequently employed, and otherwise endeavoring to minimize the possibility of harm").