GRIFFIN, J.
Petitioner, Eric Goebel [“Goebel”], seeks a writ of habeas corpus for a belated appeal, claiming ineffective assistance of appellate counsel in an interlocutory appeal filed by the State.
Goebel was charged with attempted robbery. His trial counsel filed a motion to suppress evidence seized as a result of the stop of Goebel’s vehicle. The trial court granted the motion and the State filed a notice of appeal on July 12, 2001. A copy of the notice was served on Goebel and his trial counsel. However, no motions were filed by Goebel’s counsel, nor was an answer brief filed. On January 25, 2002, this court reversed the trial court’s order, finding that there was reasonable suspicion justifying the stop of the vehicle. See State v. Goebel, 804 So.2d 1276 (Fla. 5th DCA 2002). No motion for rehearing was filed by Goebel’s counsel.
After the case was remanded, the State filed a second information, charging Goe-bel with attempted burglary of a structure or conveyance and possession of burglary tools. Goebel pled guilty to the charges in *480 both cases, in exchange for concurrent sentences of five years as a Prison Releasee Reoffender. On appeal, the public defender’s office filed an Anders brief on behalf of Goebel and this court per curiam, affirmed without opinion on December 16, 2002, in Case No. 5D02-1927.
In his habeas corpus petition, Goebel alleges that on October 8, 2001, Goebel’s mother paid his trial attorney, Richard Nichols, $1,000, “for the purpose of taking depositions in preparation of appeal,” but no depositions were taken. In addition, Goebel claims that on October 18, 2001, Richard Nichols collected another $1,500 from Goebel’s mother to write an “opposition brief.” As stated previously, no answer brief was filed. The due date of the answer brief was October 15, 2001.
Goebel seeks a belated appeal of the suppression order, arguing that his appellate counsel was ineffective for failing to file an answer brief. He claims that he had an absolute right to effective assistance of appellate counsel in the interlocutory appeal and that his counsel’s abandonment of his case constitutes ineffective assistance of counsel “per se,” without any requirement to show prejudice. The State, in its response, says that it cannot concede or dispute Goebel’s allegation that he paid counsel to file a brief in the interlocutory appeal because Richard Nichols passed away on October 14, 2002. The State contends that it is not necessary to determine whether or not appellate counsel’s performance was deficient because Goebel cannot show prejudice, as “there is no argument which could have been made [by counsel in the interlocutory appeal] which would have, in this instance, resulted in an affirmance of the trial court’s suppression order.”
Goebel relies on U.S. v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), which was decided on the same day as Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the premier case on ineffective assistance. In Strickland, the United States Supreme Court held that a defendant must show both that counsel’s performance was deficient and that the deficient performance prejudiced the defense. However, in Cronic, the Court acknowledged that:
There are, however, circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified.
Most obvious, of course, is the complete denial of counsel. The presumption that counsel’s assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial. Similarly, if counsel entirely fails to subject the prosecution’s case to meaningful adversarial testing, then there has been a denial of the Sixth Amendment rights that makes the adversary process itself presumptively unreliable.
In such circumstances, the Court in Cronic held that no specific showing of prejudice is required. 466 U.S. at 658-659,104 S.Ct. 2039.
Goebel argues that counsel’s failure to file an answer brief in the interlocutory appeal deprived him of his constitutional right to counsel at a critical stage of the criminal proceeding and therefore the presumption of prejudice under Cronic applies. He relies on United States ex rel. Thomas v. O’Leary, 856 F.2d 1011 (7th Cir.1988), in which the court applied the presumption of prejudice in Cronic where appellate counsel failed to file an opposition brief in the appeal of an order granting suppression. The court in Thomas expressly found that the interlocutory appeal was a critical stage of the proceedings. We agree, but that does not take us far in attempting to determine whether *481 Goebel is entitled to relief. An important preliminary issue is whether the subsequent guilty plea is fatal to his claim.
We conclude that Goebel may be entitled to a belated appeal, but a necessary first step is with the withdrawal of his guilty plea.[1] Otherwise, even if a belated appeal of the interlocutory order were granted and the suppression order reversed, Goebel would still stand convicted.
In essence, Goebel’s claim must be that his plea was involuntary, because he was not aware when he entered the plea that his right to counsel in the interlocutory appeal had been violated. However, he has not alleged in the trial court that his plea was involuntary or that he was unaware of the relevant facts when he entered his plea. If Goebel does not elect to have his plea set aside in the trial court, he will not be entitled to a belated appeal.
We elect to relinquish jurisdiction to the trial court for a period of thirty days during which time any plea withdrawal motion can be ruled upon. If the State controverts the issue of counsel’s ineffective representation, the trial court should make findings. If the plea is withdrawn and ineffectiveness is established, we will permit Goebel tó file a belated answer brief and we will reconsider the suppression appeal on the merits.
JURISDICTION RELINQUISHED.
SAWAYA, C.J., concurs.
SHARP, W., J., concurs in part and dissents in part, with opinion.

.In Fields v. Bagley, 275 F.3d 478 (6th Cir. 2001), the court granted a belated appeal of a suppression order, even though the defendant had entered a no contest plea after the order granting suppression was reversed on appeal. The court, adopting the lower court’s findings, held that the defendant's due process rights and right to counsel were violated when defendant’s counsel failed to notify defendant that the State was appealing the order granting suppression and failed to represent defendant during the interlocutory appeal. The Fields court did not expressly address the effect, of defendant’s subsequent entry of a no contest plea.