SHARP, W., J.,
concurring in part and dissenting in part.
I agree this cause should be remanded to the trial court in order to permit Goebel to move to withdraw his plea.[1] However, I disagree that the trial court, after the plea has been withdrawn, should be required to make findings that Goebel’s counsel was incompetent, or that his incompetence was prejudicial to the interlocutory appeal.
In my view, the complete failure of Goe-bel’s attorney to represent him in the state’s interlocutory appeal of the suppression ruling in Goebel’s favor by not filing a brief or motion or informing Goebel about the proceeding[2] was tantamount to absence of counsel at a critical stage in the criminal case.[3] Thus, it was per se incompetent and prejudicial.[4]
The only finding I think the trial court should be asked to make on remand if Goebel moves to withdraw his guilty plea in this case, is that his entry of a guilty plea was related to the loss of the interloc *482 utory appeal and that it was not due to some other reason or cause.

. See Krawczuk v. State, 634 So.2d 1070 (Fla.1994); Williams v. State, 316 So.2d 267 (Fla.1975).

. The state does not dispute these facts.

. See U.S. v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); U.S. ex rel Thomas v. O'Leary, 856 F.2d 1011 (7th Cir.1988); Fields v. Bagley, 275 F.3d 478 (6th Cir.2001).

. See Burnside v. State, 720 So.2d 269 (Fla. 5th DCA 1998); Johnson v. State, 719 So.2d 986 (Fla. 5th DCA 1998).