[Cite as *Westlake v. Gordon*, 2015-Ohio-296.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

_____

JOURNAL ENTRY AND OPINION
**No. 100295**
_____

**CITY OF WESTLAKE**

PLAINTIFF-APPELLANT

vs.

**NICOLE GORDON**

DEFENDANT-APPELLEE

**JUDGMENT:**
APPLICATION DENIED

Rocky River Municipal Court
Case No. 13 CRB 0297
Application for Reopening
Motion No. 479147

**RELEASE DATE:**   January 28, 2015

**ATTORNEYS FOR APPELLANT**

John D. Wheeler
Director of Law

By: Sean F. Kelleher
Assistant Director of Law
City of Westlake
27700 Hilliard Blvd.
Westlake, OH   44145


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender

By: John T. Martin
Assistant Public Defender
Courthouse Square Suite 200
310 Lakeside Avenue
Cleveland, OH    44113

SEAN C. GALLAGHER, P.J.:

{¶1} Applicant, Nicole Gordon, seeks to vacate this court's opinion and reopen the city of Westlake's appeal in *Westlake v. Gordon*, 8th Dist. Cuyahoga No. 100295, 2014-Ohio-3031, to allow further briefing and argument. The city of Westlake has opposed the application to reopen. The application is denied for the reasons that follow.

{¶2} The city of Westlake appealed from the municipal court's decision that granted Gordon's motion to suppress evidence that was seized during a lawful traffic stop and a subsequent search of Gordon's vehicle. The majority opinion of this court reversed the municipal court's decision on the motion to suppress after finding that the police had probable cause to search the vehicle. The matter was remanded to the municipal court for further proceedings.

{¶3} On July 21, 2014, Gordon, through counsel, filed a timely motion to reconsider this court's opinion, which motion was denied on September 2, 2014. Gordon has not pursued an appeal to the Ohio Supreme Court. In her motion for reconsideration, Gordon raised the same argument that she now offers as the basis for reopening the appeal pursuant to App.R. 26(B), which is that her Sixth Amendment right to effective assistance of counsel was violated due to a lack of representation on appeal.

{¶4} App.R. 26(B)(1) states in pertinent part as follows: "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel."

{¶5} This application does not seek to reopen the appeal of a judgment of conviction and sentence. It seeks to reopen the state's appeal from the trial court's order that granted

appellant's suppression motion. This court has previously determined that this falls outside the scope of App.R. 26(B). *State v. Fields*, 8th Dist. Cuyahoga No. 68906, 1996 Ohio App. LEXIS 335 (Sept. 5, 1997) (denying an application to reopen the state's appeal of a suppression motion as being outside the scope of App.R. 26(B)).

{¶6} The explicit provisions of App.R. 26(B) are limited to reopening appeals of a conviction and sentence. *State v. Gaston*, 8th Dist. Cuyahoga No. 92242, 2009-Ohio-4715, ¶ 3. In *Gaston*, this court concluded that an application to reopen an appeal involving the denial of the appellant's motion for postconviction relief fell outside the scope of App.R. 26(B). *Id.*, citing *State v. Halliwell*, 8th Dist. Cuyahoga No. 70369, 1996 Ohio App. LEXIS 5750 (Dec. 30, 1996), *reopening disallowed*, motion No. 70369, 1999 Ohio App. LEXIS 285 (Jan. 28, 1999) (ruling that App.R. 26(B) does not apply to appeals from an adverse ruling on a motion to vacate a guilty plea); and *State v. Shurney*, 8th Dist. Cuyahoga No. 64670, 1994 Ohio App. LEXIS 896 (Mar. 10, 1994), *reopening disallowed*, motion No. 60758 (May 15, 1995) (App.R. 26(B) applies only to the direct appeal of a criminal conviction; it does not apply to subsequent postconviction proceedings, including motions to vacate sentence and hearings to determine the propriety of guilty pleas); and *State v. Loomer*, 76 Ohio St.3d 398, 667 N.E.2d 1209 (1996). "App.R. 26(B) applies only to appeals from the judgment of conviction and sentence and not other collateral matters arising in a criminal case, including the reversal of a motion to dismiss." *Gaston*, 2009-Ohio-4715, ¶ 3.

{¶7} Appellant relies on the federal authority of *Fields v. Bagley*, 275 F.3d 478 (6th Cir.2001), which granted habeas corpus relief after finding that a criminal defendant was denied any assistance of counsel in the state's appeal of the trial court's ruling that suppressed the evidence upon which the charges against him were based and that Fields was prejudiced by the

lack of assistance. *Id*. at 484. The federal court's decision in *Fields*, however, was not based on an analysis of ineffective of assistance of appellate counsel pursuant to Ohio's App.R. 26(B). *Fields* neither expanded the scope of App.R. 26(B) nor did it overturn the state law that has interpreted the scope of it. "It is axiomatic that state courts are the final authority on state law." *Hutchison v. Marshall*, 744 F.2d 44, 46 (6th Cir.1984).

{¶8} The application for reopening is denied.


SEAN C. GALLAGHER, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
MELODY J. STEWART, J., CONCUR