**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NERVY ROBERTO ESPANA ORELLANA, | No.    14-73489 |
| Petitioner, | Agency No. A040-417-826 |
| v. | MEMORANDUM[*] |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 10, 2018
San Francisco, California

Before:  THOMAS, Chief Judge, FERNANDEZ, Circuit Judge, and EZRA,[**]
District Judge.

Nervy Roberto Espana Orellana, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

appeal from an Immigration Judge's ("IJ") decision finding him removable and ordering him removed. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition. Because the parties are familiar with the history of the case, we need not recount it here.

## I

The BIA had jurisdiction over Orellana's appeal, because Orellana's waiver of his appeal rights was invalid. Orellana exhausted this argument before the BIA. Thus, the BIA's disclaimer of jurisdiction over Orellana's appeal was in error.

## A

Orellana's waiver of his appeal rights was invalid, because the waiver was not voluntary, knowing, or intelligent. In his second hearing before the IJ, Orellana and the government entered what was in effect a stipulated removal order. Pursuant to the Immigration and Nationality Act's implementing regulations, a stipulated removal order must include, *inter alia*, a waiver of appeal of the removal order, 8 C.F.R. § 1003.25(b)(8), and a "statement that the alien understands the consequences of the stipulated request and that the alien enters the request voluntarily, knowingly, and intelligently," 8 C.F.R. § 1003.25(b)(6).

The record does not support a finding that Orellana's waiver of his appeal rights was knowing and intelligent. The IJ never advised Orellana that he had the

2

right to appeal. He only asked if Orellana accepted the removal order as "final," and Orellana said that he did. An appeal waiver is invalid in such a situation. *See Matter of Rodriguez-Diaz*, 22 I&N Dec. 1320, 1323 (BIA 2000) ("The simple inquiry at the end of the hearing, focusing on acceptance of a decision as 'final,' was not adequate to ensure that the unrepresented alien understood the import of the Immigration Judge's question."); *see also United States v. Pallares-Galan*, 359 F.3d 1088, 1097 (9th Cir. 2004) (holding that an appeal waiver was not "considered and intelligent" when the IJ gave a *pro se* respondent only a "brief explanation" of right to appeal). Because Orellana's appeal waiver was not voluntary, knowing, and intelligent, the waiver was invalid.

**B**

The government argues that Orellana failed to exhaust the claim that his waiver was invalid. We are generally barred, for lack of subject-matter jurisdiction, from considering claims that have not been administratively exhausted. *Barron v. Ashcroft*, 358 F.2d 674, 678 (9th Cir. 2004). However, we "do not employ the exhaustion doctrine in a formalistic manner, especially where the petitioner is *pro se*." *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011) (internal quotations and citations omitted). We inquire "into whether the issue was before the BIA such that it had the opportunity to correct its error." *Figueroa v.*

3

*Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008); *see also Kaganovich v. Gonzales*, 470 F.3d 894, 897 (9th Cir. 2006) (finding exhaustion where a cursory and unelaborated statement "was sufficient to put the BIA on notice . . . and the agency had an opportunity to pass on this issue.").

Neither Orellana's Notice of Appeal nor the attached letter explicitly challenge the validity of his waiver of appeal. Thus, in its dismissal order, the BIA stated that Orellana "makes no claim that his decision to waive appeal was not a knowing and intelligent one." However, the fact that Orellana challenged his removal order *after* purportedly waiving his appeal put the issue of the waiver's validity before the BIA. Moreover, the BIA conducted its own review of the record, concluding that "[t]he record reflects that the respondent waived appeal (Tr. at 28)." The validity of the appeal waiver thus "was before the BIA such that it had the opportunity to correct its error," and Orellana exhausted his challenge. *Figueroa*, 543 F.3d at 492.

Orellana's waiver of appeal was not knowing and voluntary, and he exhausted his challenge to the validity of the appeal waiver. Thus, the BIA had jurisdiction to hear Orellana's appeal from the IJ's removal order. The BIA's conclusion that it lacked such jurisdiction was erroneous.

4

## II

We deny Orellana's petition for review on the basis of the BIA's alternative merits holding. The BIA held that, even if it had the authority to decide Orellana's appeal, it would dismiss that appeal on the merits, because Orellana had not demonstrated *prima facie* eligibility for any relief. That the BIA disclaimed jurisdiction over Orellana's appeal did not render this alternative merits holding *dicta*. *See Container Stevedoring Co. v. Dir., Office of Workers Comp. Programs*, 935 F.2d 1544, 1548-49 n.5 (9th Cir. 1991). Orellana does not directly challenge the alternative merits holding on appeal, and that holding provides us a sufficient basis for denying his petition for review.

## III

We lack jurisdiction over Orellana's due process claims, because he did not exhaust all avenues of administrative relief. His Notice of Appeal to the BIA did not raise, or even allude to, any due process challenges to his hearings before the IJ. Although the BIA reviewed transcripts of Orellana's merits hearing to confirm that he conceded removability, there is no indication that the BIA considered any due process issues that may have arisen during the hearing. Because Orellana's due process claims were not before the BIA such that it could correct any

5

procedural errors, he has not exhausted those claims, and we lack jurisdiction over them. *Figueroa*, 543 F.3d at 492.

All pending motions are denied as moot.

**PETITION DENIED.**

*Espana Orellana v. Sessions*, No. 14-73489

THOMAS, Chief Judge, concurring:

I concur in full in the judgment of the court. I write separately to note that, as Judge Berzon has persuasively explained, the appeal waiver regulations on which the BIA relied for its conclusion that it lacked jurisdiction are inconsistent with the Immigration and Nationality Act. *See Garcia v. Lynch*, 786 F.3d 789, 796-801 (9th Cir. 2015) (Berzon, J., concurring).

The BIA relied on 8 C.F.R. §§ 1003.1(d)(2)(i)(G) and 1003.39 in determining that Orellana had waived his right to appeal and thus that the IJ's decision had become administratively final. These regulations are inconsistent with the governing statute, 8 U.S.C. § 1101(a)(47)(B). That statute provides that a deportation order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *Id.* This definition also applies to a removal order. *See Ocampo v. Holder*, 629 F.3d 923, 927 (9th Cir. 2010) (citing *Singh v. Gonzales*, 499 F.3d 969, 979 (9th Cir. 2007)). A removal order thus becomes administratively final only upon affirmance by the BIA or the running of the appeal period. Under the plain language of the statute, a waiver of the right to appeal does not make a removal order administratively final and does not divest

the BIA of jurisdiction to review that order. Applying the regulations to trigger administrative finality in this case violates the rule that "'[a] regulation may not serve to amend a statute, nor add to the statute something which is not there.'" *Ocampo*, 629 F.3d at 927 (quoting *Cal. Cosmetology Coal. v. Riley*, 110 F.3d 1454, 1460 (9th Cir. 1997)).

I would hold that, even if Orellana's appeal waiver were otherwise valid, the waiver would not render the IJ's removal order administratively final. The BIA's conclusion that it lacked jurisdiction over Orellana's appeal was thus erroneous, regardless of whether Orellana's waiver of his appeal rights was made voluntarily, knowingly, and intelligently.